MARGARET WEST *vs.* THOMAS F. WEST.

PROVIDENCE—APRIL 13, 1898.

PRESENT : Stiness, Tillinghast and Rogers, JJ.

When a statute provides that an act may be done within a given number of days the Sundays within the time are counted unless the last day falls on Sunday, in which case the act may be done on the next day.

PROBATE APPEAL. Heard on appellant's petition for a new trial.

PER CURIAM. Gen. Laws R. I. cap. 248, § 1, provides that an appeal may be taken from a decree of a Court of Probate by filing a bond within forty days next after the decree shall have been made. In this case the forty days ended on Sunday, and the bond was filed the following day. On this ground a motion to dismiss the appeal in the Common Pleas Division was granted, and the appellant asks for a new trial.

The rule is stated in *Barnes* v. *Eddy*, 12 R. I. 25, that when a given number of days are allowed to do an act, or when an act may be done within a given number of days, the Sundays within the time are counted unless the last day falls on Sunday, in which case the act may be done on the next day.

This rule is reasonable and comprehensive. Since its declaration it has been understood by the court to apply to all cases where days are the units in the computation of time not otherwise provided for by statute. It is a rule of expediency, to cover cases where the exact time prescribed cannot be made use of, and, therefore, where the question is whether the legislature probably intended that there should be one day less than the period, or that there should be an extension of one day to fill out the period, when it should end on Sunday. As it does not rest upon any principle of law, nor involve any legal or equitable right, we do not need to consider whether it accords with the decisions of the courts, many of which have been cited to us by the appellee, and many also of which might be cited the other way. We regard the rule as settled in this State, and we see no reason to disturb it.

Petition for a new trial granted.

*Andrew B. Patton,* for appellant.

*Charles A. Wilson, John E. Conley and John Doran,* for appellee.