# LAMSON *v.* ANDREWS.

APPEAL AND ERROR; EXTENSION OF TIME FOR FILING TRANSCRIPT; DIES NON; BILL OF EXCEPTIONS.

1. The trial court has power, where the final date fixed for filing the transcript of the record in a case falls on Sunday which is followed by a legal holiday, to entertain and grant on the next succeeding day an application for an extension of the time for filing the transcript.

2. A motion by the appellee to strike a bill of exceptions from the record, as in violation of Sec. 4, rule 5, of this court, was *denied*, where the bill set out the evidence in narrative form without undue prolix-

ity, and incorporated in the general bill were certain special excep-
tions reserved to the introduction of particular evidence by the
appellee, which seemed to be taken bodily from the stenographic
notes, apparently in order to present the points raised and deter-
mined exactly as they occurred, although their statement might have
been further condensed. without prejudice to either party.  (Citing
*Bowen* v. *Howenstein,* 39 App. D. C. 167.)

No. 2493.  Submitted February 3, 1913.  Decided February 10, 1913.

HEARING on a motion to dismiss an appeal.    *Denied.*

The COURT in the opinion stated the facts as follows:

Appellee, Maria F. Andrews, moves to dismiss the appeal on
the ground that the transcript of the record was not filed in this
court within the time required by its rules, which time had not
been properly extended.

The facts necessary to the determination of the motion are
these:   The action for damages was tried and resulted in a
verdict for the defendant, upon which judgment was entered
April 12, 1912.  Notice of appeal was given and bond there-
for filed in due time.  The rule of the supreme court of the
District allows thirty-eight days for the settlement of bills of
exception, which time may be extended by order of court regu-
larly made before the expiration of said time; and may be fur-
ther extended in same manner.

The record shows that on May 14, 1912, an order was en-
tered extending the time for settling the bill of exceptions to
June 15, 1912.  June 14th this time was further extended to
"June 29, 1912, Inc.;" and the time for filing transcript was
extended "to July 20, Inc." June 29, the time for each was
extended to September 1, 1912, Inc." September 1 was a Sun-
day, and September 2, (Monday) was a legal holiday.  On Sep-
tember 3, 1912, an order was entered extending the time for
settling the bill of exceptions and filing the transcript to Oc-
tober 1, 1912.  These times were extended again on September
30 and November 27 to December 31, 1912.  The bill was set-
tled and the transcript filed before the last date.

*Mr. G. E. Hamilton, Mr. J. W. Yerkes,* and *Mr. J. J. Hamilton* for the motion.

*Mr. C. A. Douglas, Mr. G. L. Baker, Mr. Thomas Ruffin,* and *Mr. H. H. Obear* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

While the rules of this court permit the extension of the time for filing the transcript of the record to be made by order of the supreme court of the District from time to time as the situation may require, such order must be made before the expiration of the regular term, or any extension thereof previously made. The question turns upon the validity of the order made September 3, 1912, the former extension having limited the time for filing the transcript to September 1, 1912, inclusive. While the rules of this court make provision for the exclusion of Sundays and holidays when a certain number of days are given for the performance of an act, none is made for the situation presented here, namely, where a day set for the performance of an act falls on a Sunday or legal holiday. (Provision has been made by an amendment to the rules which takes effect February 15, 1913).

With the exception of the days of grace allowed for the payment of bills of exchange and other negotiable instruments, it is the generally established rule that when a contract is to be performed, or a power to be exercised, on a named day, and that day happens to be a Sunday, the delivery or payment may be made, or the power exercised, on the succeeding day. *Avery v. Stewart,* 2 Conn. 69, 7 Am. Dec. 240; *Salter v. Burt,* 20 Wend. 205, 32 Am. Dec. 530; *Hammond v. American Mut. L. Ins. Co.* 10 Gray, 306; *Post v. Garrow,* 18 Neb. 682, 26 N. W. 580; *Pressed Steel Car Co. v. Eastern R. Co.* 57 C. C. A. 635, 121 Fed. 609–619; *Street v. United States,* 133 U. S. 299–306, 33 L. ed. 631–634, 10 Sup. Ct. Rep. 309. In the last-cited case the limitation to the exercise of a statutory power was the

1st day of January. That day was Sunday, and it was held that the power could be exercised on the succeeding day. It was said by Mr. Justice Brewer, who delivered the opinion of the court: "It must be noticed that the 1st day of January was Sunday, that is, a *dies non,* and a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day."

None of the cases examined shows the application of the rule to the exercise of power by a court on a succeeding day to that specified in its former order, when the day named happens to fall on Sunday or a legal holiday; but the principle seems equally applicable. By the terms of the order the appellant was not obliged to perform the act, or to obtain a further extension of the time therefor, until on and during the day named, which had been specially included. Neither could be done on that day, which happened to be Sunday, or the next succeeding day, which happened to be a legal holiday, each being *dies non.* The trial justice had no doubt of his power to entertain and grant the application for extension made on the first legal day after the 1st of September, and we are of the opinion that he did not err in so doing.

Having disposed of the motion to dismiss, it becomes necessary to consider the motion to strike the bill of exceptions from the record. So far as this motion is founded on the order of extension of September 3, it has been disposed of.

It is further contended that the bill of exceptions is in violation of sec. 4 of rule V of this court. An inspection of it shows that it sets out the evidence in narrative form without undue prolixity. Incorporated in the one general bill, as required by the rules of the court, are certain special exceptions reserved to the introduction of a particular evidence by the defendant. These seem to be taken bodily from the stenographer's notes. The apparent intention seems to be to present the points so raised and determined exactly as they occurred, and, while we think their statement might have been further condensed without prejudice to either party, we do not consider

there has been a flagrant violation of the rule that would require the rejection of the bill of exceptions.  See *Bowen* v. *Howenstein,* 39 App. D. C. 167, on motion to dismiss.

The motion to dismiss the appeal and strike out the bill of exceptions is denied.                    *Denied.*