502

## WALKER et al. v. HAZEN et al.
### No. 6798.

United States Court of Appeals for the District of Columbia.

Argued March 12, 1937.

Decided April 19, 1937.

Reargument Denied May 21, 1937.

Walter C. Clephane, J. Wilmer Latimer, Gilbert L. Hall, George E. Sullivan, and Frank Van Sant, all of Washington, D. C., for appellants.

Vernon E. West and Walter L. Fowler, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from an order of the District Court for the District of Columbia ratifying and confirming the verdict of a jury awarding damages for land taken in a condemnation proceeding in connection with the elimination of the grade crossing of the Baltimore & Ohio Railroad at Michigan avenue in the City of Washington.

Appellants are owners of various pieces of land, parts of which were taken in this proceeding. The appellants Walker and Hailer are the owners of lots which abut on the south side of Michigan avenue, to the west of the grade crossing, and the appellants Wimsatt and Grimes are the owners of seven contiguous parcels of land lying east of the grade crossing and north of Bunker Hill road, which formed the extension of Michigan avenue east of the grade crossing.

The verdict was filed on February 10, 1936. Objections and exceptions were filed by appellants twenty-one days later, on March 2, 1936. Appellees filed motions to strike the objections and exceptions on the ground that they were not filed within the twenty-day period prescribed by the statute. The court granted the motions to strike, and on March 20, 1936, signed the order ratifying and confirming the verdict. It is from this order that the present appeal was taken.

The petition in this case was filed by the Commissioners in accordance with section 3 of the Act approved February 12, 1931, 46 Stat. 1087, (D.C.Code Supp. II, 1936, T. 12, § 69) entitled "An Act to amend the

Act entitled 'An Act to provide for the elimination of the Michigan Avenue grade crossing in the District of Columbia, and for other purposes,' approved March 3, 1927." The Commissioners were authorized by this section to acquire, in their discretion, the necessary land, either by purchase or "by condemnation in accordance with chapter 15 of the Code of Law of the District of Columbia as amended."

No question is raised in this case as to the procedure followed by the court below in conducting these proceedings. Section 46, T. 25, D.C.Code, 1929, provides for a hearing by the court of objections and exceptions which may be filed to any appraisement of the jury, and gives the court power to vacate and set aside any such appraisement, in whole or in part, with the further provision "that the objections or exceptions to the appraisement shall be filed within twenty days after the return of the appraisement to the court."

■ Appellants' objections and exceptions were filed on March 2, 1936, twenty-one days after the return of the verdict. It is urged that the objections and exceptions were filed in time, since 1936 was a leap year, and February 28th and 29th must be counted as one day. Appellants rely upon Section 113 of T. 19, D.C.Code, 1929, which provides: "The day increasing in the leap-year shall be counted for one year, so that because of that day none shall be prejudiced that is impleaded, but it shall be taken and reckoned of the same month wherein it groweth; and that day, and the day next going before, shall be accounted for one day."

This section is taken verbatim from the statute of 21 Henry III. While this statute has not been judicially construed in this jurisdiction, decisions on the point are not lacking in States where the statute is in force. Thus, in Helphenstine v. Vincennes National Bank, 65 Ind. 582, 32 Am.Rep. 86, the Supreme Court of Indiana, in considering the statute of 21 Henry III, said: "It will be seen, we think, from this statute, which we have set out in full, that it simply provides that the 28th and 29th days of February, as parts of a year which, at common law, consisted of three hundred and sixty-five days, should be accounted for one day, in computing 'the year and day that were wont to be assigned unto sick persons being impleaded.' The statute makes no provision as to how the two days should be accounted, in computing a number

of days, less than one year, in which they might occur; and therefore it seems to us, that the English statute, conceding it to be in force in this State whenever applicable, is not decisive of the question we are now considering. * * * Each of the 28th and 29th days of February, in the leap-year, is a day of twenty-four hours' duration; and, where these two days occur in any period of days less than one year, we are clearly of the opinion, that, under the law of this State, they ought to be and must be regarded and computed as two days, and not as one day, for any purpose."

In Harker v. Addis, 4 Pa. 515, the court, considering the same question, said: "No doubt this statute was passed in a barbarous age to produce uniformity of time; to make all years count three hundred and sixty-five days, making the 28th and 29th of February every fourth or leap year count but one day. * * * It has no relation to the computation of time when a rule or a statute fixes a certain number of days."

In our opinion this statute applies only to periods measured in years, and where the period is measured in days, as in this case, the 28th and 29th of February are to be counted as two days.

■ Appellants urge further that the objections and exceptions were filed within time because the 20th day fell on Sunday. It is the general rule in the federal courts that where the last day for filing falls on a Sunday or holiday, the act cannot lawfully be done on the succeeding day. Maresca v. United States (C.C.A.) 277 F. 727, 733; Larkin Packer Co. v. Hinderliter Tool Company (C.C.A.) 60 F.(2d) 491; Walters v. Baltimore & O. R. Co. (C.C.A.) 76 F. (2d) 599; see, also, American Tobacco Company v. Strickling, 88 Md. 500, 510, 41 A. 1083, 69 L.R.A. 909; Covey v. Williamson, 52 App.D.C. 289, 286 F. 459, 460.

Reliance is placed by the appellants upon Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 311, 33 L.Ed. 631. That case is not controlling. The court there was considering an Act of Congress authorizing the President to transfer officers from active duty to the list of supernumeraries, and prior to January 1, 1871, to fill vacancies on the active list with supernumerary officers. The 1st of January, 1871, fell on Sunday, and the court held that a transfer to the supernumerary list on Monday, January 2nd, was valid. The court, however,

504

resting its decision upon the broad power of an executive officer to carry out a mandate of Congress, said: "Concede the irregularity, and it is not such as vitiates the order. The purpose of the act is obvious. The direction of congress was clear and distinct, and it would be strange if any executive officer could, by irregularity in executing the mandate of congress, thwart this purpose. The matter of time was not vital. The purpose was reduction, and a reduction to be accomplished by selecting the best and mustering out the poorer element; and, while congress prescribed the time within which this mandate was to be executed, there is neither in terms nor by implication any subordination of the power to the matter of time. Again, it must be noticed that the 1st day of January was Sunday,—that is, a dies non; and a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day. So that it is a matter worthy at least of consideration whether the power was not exercised within the very limits of time prescribed by the act." It will be observed that the court rested its opinion upon the clear purpose of the Act of Congress, and said that the matter of time was not vital.

█ The general federal rule has been followed in this jurisdiction. In Covey v. Williamson, supra, the court was considering a case analogous to the one at bar. There the statute expressly provided that the application for a writ of error to the municipal court must be made "within ten days after the entry" of final judgment. In that case, thirteen days had elapsed between the entry of the final judgment and the application for the writ. There had intervened two Saturday half holidays, two Sundays, and Christmas Day. Counting the two half holidays as one day, there were four days which the plaintiff in error claimed should be deducted from the time. We applied the generally accepted rule that where the statute does not provide for the exclusion of Sundays or holidays, they must be counted within the time limit fixed by the statute. While there is some difference of opinion as to rules of court which fix periods within which acts must be done, there seems to be no division of opinion where the period is fixed by statute, and no provision is made for the exclusion of Sundays or holidays. The rule announced in the Covey Case that, "where the time is such that one or more Sundays must fall within it, and there is no statute or act excluding any of them, it is certainly not in the province of the court to extend the time by excluding the last, the first, or any intermediate Sunday or holiday," may be regarded as settled for this jurisdiction.

It is contended by appellants that notwithstanding a holding that their objections and exceptions were properly stricken, they still have a right on general appeal to this court to urge the points that they raised during the hearing below. As authority they cite the case of Shannon & Luchs Construction Co. v. Reichelderfer, 61 App. D.C. 36, 37, 57 F.(2d) 402, 403, where we said that objections and exceptions are "in the nature of a motion for a new trial." It is insisted that, since it is not necessary in this jurisdiction to file a motion for a new trial in order to preserve on appeal points raised during a trial of a case, therefore it is not necessary in condemnation proceedings to file objections and exceptions. This contention is wholly without merit.

The language used in the Reichelderfer Case was merely by way of illustration in connection with our holding that the time limit within which objections and exceptions must be filed is jurisdictional. This contention, if approved, would nullify the provision of section 46, T. 25 that the court "shall hear and determine any objections or exceptions that may be filed to any appraisement of the jury and shall have the power to vacate and set any appraisement aside, in whole or in part, when satisfied that it is unjust or unreasonable," and that such objections and exceptions "shall be filed within twenty days after the return of the appraisement to the court."

██ This requirement is mandatory and was intended by Congress to require a party in a condemnation proceeding to bring his objections and exceptions to the attention of the court within twenty days, the time limit prescribed, or else be taken to have waived them.

It follows that appellants' objections and exceptions, not having been filed within the time fixed by statute, were properly stricken by the lower court, and that there is nothing here for this court to review.

The judgment is affirmed.