## GRAF v. UNITED STATES.
### No. 43347.

Court of Claims.
July 5, 1938.

Hamel, Park & Saunders, of Washington, D. C., for plaintiff.

Daniel F. Hickey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

### PER CURIAM.

Plaintiff brings this suit for a refund of taxes paid. The petition shows that the claim for refund was disallowed June 7, 1934, and the petition herein was filed June 8, 1936—one day after the two-year period prescribed by law for filing. The last day of such period fell upon Sunday, and the only question in the case is whether this fact entitled plaintiff to file the petition on the day following.

The contention of the plaintiff is that as Sunday was the last day of the period for filing, under Rule 98(b) of this court the time was extended to the following day.

In William Frackelton v. United States, 57 Ct.Cl. 587, this court passed on a similar question pertaining to the time when an appeal might be taken from its judgment and held that the appeal was too late, citing several Federal cases. The provision found in the rules of the court upon which plaintiff relies had not then been adopted, but we think this is immaterial. In Meyer v. Hot Springs Imp. Co., 9 Cir., 169 F. 628, the court said that while courts may construe their own rules equitably and extend the time therein, "they have no such power as to statutes, and the decided weight of authority is that when the act is to be done within a time fixed by statute, and the last day thereof falls upon Sunday, that day will not be excluded, unless a different rule for computing the time is also provided by statute." (page 629.)

This court may make rules to govern its own proceedings to the extent provided by law but it has no power to enforce a rule which changes the effect of a Federal statute.

We therefore hold that the petition was filed too late and that the motion to dismiss the case must be sustained. It is so ordered.