## SHERWOOD BROS., Inc., v. DISTRICT OF COLUMBIA.
### No. 7289.

United States Court of Appeals for the District of Columbia.

Decided April 29, 1940.

STEPHENS, Associate Justice, dissenting.

M. C. Mallon and William A. Gallagher, both of Washington, D. C., for petitioner.

Elwood H. Seal, Vernon E. West, and Glenn Simmon, all of Washington, D. C., for respondent.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The single question presented is whether petitioner filed its claim for refund of taxes with the Board of Tax Appeals for the District of Columbia within the ninety-day period specified by the statute for doing so as a condition of recovering taxes paid under protest.[1] The tax imposed was the "business privilege" tax recently involved in other litigation here.[2] Petitioner's assessment for 1937 amounted to $2,078.67, which was paid under protest April 30, 1938.

The ninetieth day of the statutory period fell on Sunday, August 14, 1938. Petitioner, a Maryland corporation having its principal place of business in Baltimore, assumed that its Washington attorney would file the claim for refund or "appeal"[3] in time, but learned on Friday,

---

[1] D.C.Code (Supp. V) tit. 20, § 977. The Board was created by Act of August 17, 1937, 50 Stat. 673, as added May 16, 1938, 52 Stat. 370. D.C.Code (Supp. V) tit. 20, §§ 972 ff.

[2] D.C.Code (Supp. V) tit. 20, § 970 ff.; Neild and Sauerhoff v. District of Columbia, 71 App.D.C. 306, 110 F.2d 246, decided Jan. 15, 1940; General Electric Supply Corp. v. District of Columbia, 71 App.D.C. 322, 110 F.2d 262, decided Jan. 15, 1940; Colgate Palmolive Peet Co. v. District of Columbia, 71 App.D.C. 324, 110 F.2d 264, decided Jan. 15, 1940.

[3] It is not a matter of great moment whether the petition for refund be considered as a "claim" or as an "appeal." The statute provides that the taxpayer "may within ninety days from the approval of this Act [May 16, 1938] appeal from the imposition of such tax * * *." Whether the remedy is given in lieu of, alternatively or cumulatively (cf. note 13 infra) to the taxpayers' previously ex-

August 12, that he had not done so and was away on his vacation. The appeal was prepared on Saturday, August 13, and deposited in the mails at 2:30 o'clock that afternoon. It was received by the Board and filed Monday morning, August 15. The Board held that the claim was filed late and dismissed the appeal. That action is questioned here. We think it was erroneous.

The sole question is whether the ninety-day period included Monday, August 15, or ended for all practical purposes at noon of Saturday, August 13. Under the circumstances the practical effect of the decision will be to allow petitioner an extra day or deprive it of a day and a half of the exact statutory period. As an original matter, considerations of convenience and fairness combine with well-settled rules of statutory construction to dictate exclusion of the final Sunday in calculating the period. That the final day fell on Sunday was largely a matter of accident, probably not contemplated by Congress. Furthermore, that fact created an ambiguity in the legislation which, if resolved against the taxpayer, would be productive of harsh and accidental results. Business practice and accepted legal principle, apart from statute, permit and in some instances require an act to be done on the following Monday where the last day upon which it should have been done falls on Sunday. That is the common-law rule,[4] and it has become embedded in the habits and customs of the community, both from respect for religious considerations and by long-established legal and commercial tradition. It would be reasonable, therefore, to assume that Congress had the common-law rule in mind when it legislated, and to construe the statute accordingly. Various state courts have interpreted state temporal statutes in this manner.[5] Many states have enacted statutes for computation of time which expressly exclude the final Sunday.[6] The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, do likewise. Rule 6 (a). And the only decisions of the Supreme Court bearing on the problem which have come to our attention follow the same rule. Street v. United States, 1890, 133 U.S. 299, 10 S. Ct. 309, 33 L.Ed. 631; Monroe Cattle Co.

---

isting right to sue at law, filing of the petition for the "appeal" is analogous to the filing of a declaration or bill in court rather than to giving notice of appeal from a judgment or decree.

In further factual explanation it may be said that the Board's office was closed at noon of the preceding Saturday, in accordance with custom and its own rules. Cf. note 8 infra.

4 See Lamson v. Andrews, 1913, 40 App. D.C. 39; Street v. United States, 1890, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631; Monroe Cattle Co. v. Becker, 1893, 147 U. S. 47, 13 S.Ct. 217, 37 L.Ed. 72; Pressed Steel Car Co. v. Eastern Ry., 8 Cir., 1903, 121 F. 609.

5 The final Sunday in the statutory period has been excluded where the limitation was on the enforcement of a mechanics' lien [Mox, Inc., v. Leventhal, 1928, 89 Cal.App. 253, 264 P. 562], filing a claim against an estate [Van Duyn v. Van Duyn, 1924, 129 Wash. 428, 225 P. 444, 227 P. 321], suing under a guest statute [Mansur v. Abraham, La.App., 1935, 159 So. 146, affirmed, 1935, 183 La. 633, 634, 164 So. 421], enforcing a note [Tilden Lumber Co. v. Perino, 1934, 2 Cal.App.2d 133, 37 P.2d 466], filing nomination papers [Manning v. Young, 1933, 210 Wis. 588, 247 N.W. 61], appeal from a local board of tax appeals to the state board of tax appeals [Ettrick

v. State Board of Tax Appeals, Sup.Ct., 1934, 172 A. 365, 12 N.J.Misc. 432], action by the common council of a city [Application of Hushion, 1938, 253 App. Div. 376, 2 N.Y.S.2d 256], filing a bill of exceptions [Lakeside Inn Corp. v. Commonwealth, 1922, 134 Va. 696, 114 S.E. 769], and taking an appeal [Simkin v. Cole, Del., 1922, 2 W.W.Harr., 271, 122 A. 191; West v. West, 1898, 20 R.I. 464, 40 A. 6]. Contra: Vailes v. Brown, 1891, 16 Colo. 462, 27 P. 945, 14 L.R.A. 120; Williams v. Lane, 1894, 87 Wis. 152, 58 N.W. 77.

6 E. g., Shea v. San Bernardino, 1936, 7 Cal.2d 688, 62 P.2d 365; Myers v. Harvey, 1924, 39 Idaho 724, 229 P. 1112; Elmore v. Fanning, 1911, 85 Kan. 501, 117 P. 1019, 38 L.R.A.,N.S., 685; Manchester Iron Works v. E. L. Wagner Const. Co., 1937, 341 Mo. 389, 107 S.W. 2d 89; Kelly v. Independent Publishing Co., 1912, 45 Mont. 127, 122 P. 735, Ann.Cas.1913D, 1063, 38 L.R.A.,N.S., 1160; Johnston v. New Omaha Thomson-Houston Electric Light Co., 1910, 86 Neb. 165, 125 N.W. 153, 20 Ann.Cas. 1314; Ohio Power Co. v. Davidson, 1934, 49 Ohio App. 184, 195 N.E. 871; State ex rel. Hunzicker v. Pulliam, 1934, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294; Barr v. Lynch, Or., 1939, 97 P.2d 185; Nelson v. Jorgenson, 1926, 66 Utah 360, 242 P. 945.

v. Becker, 1893, 147 U.S. 47, 13 S.Ct. 217, 37 L.Ed. 72.[7] It has the support, therefore, of controlling authority, as well as of tradition, fairness and convenience. Furthermore, the principle has received the approval of the Board itself by .adoption in its own rules,[8] applicable of course only to the extent that the contrary rule is not prescribed by statute.

▆▆ But respondent relies upon decisions of inferior federal courts which take the contrary view with respect to calculating the time for taking an appeal in federal judicial proceedings and for performing the acts necessary to an appeal,[9] including Walker v. Hazen, 1937, 67 App.D.C. 188, 90 F.2d 502, certiorari denied, 302 U.S. 723, 58 S.Ct. 44, 82 L.Ed. 559. The reasons given to support this view are varied and highly technical, some of them resting upon doubtful assumptions and contradictory premises.[10] We do not consider it

[7] Street v. United States involved a statute authorizing the President to transfer certain army officers to the supernumerary list. The day mentioned in the statute was January 1. That date being Sunday, the President made the transfer on January 2. Among other reasons for holding that he had not exceed·ed his statutory power, the Court said: "It must be noticed that the 1st day of January was Sunday,—that is, a dies non, and a power that may be exercised up to and including a given day of the month may generally, when that day happens to be Sunday, be exercised on the succeeding day." 133 U.S. 306, 10 S.Ct. 311, 33 L. Ed. 631.

Monroe Cattle Co. v. Becker involved a Texas statute allowing ninety days for a purchaser of school land to make his first payment. If payment was not made within that time, the land was open for another application. The ninety-day period involved in the suit ended on Sunday. Another application was filed the preceding Saturday. The Court said: "As the ninetieth day fell on Sunday, the lands were not open to another application until Monday, the general rule being that, when an act is to be performed within a certain number of days, and the last day falls on Sunday, the person charged with the performance of the act has the following day to comply with his obligation. Endlich, Interpretation of Statutes, § 393; Salter v. Burt, 20 Wend., N.Y., 205, 32 Am.Dec. 530; Hammond v. American Mut. L. Ins. Co., 10 Gray, Mass., 306." 147 U.S. 55, 56, 13 S.Ct. 220, 37 L.Ed. 72.

While these cases did not involve judicial proceedings, neither does the present one. However, they did involve statutes limiting the time for performance of acts vital to the existence and protection of private rights. In these circumstances the sounder analogy is to the rule thus applied to such executive action than to the formerly prevailing, but now repealed, rule of the lower federal courts.

[8] "Rule 1—Business Hours. The office of the Board will be open each business day, except Saturdays, from 9 o'clock a. m., to 4 o'clock p. m. On Saturdays the office will be open from 9 a. m. to 12 o'clock noon.

\* \* \* \* \*

"Rule 37—Computation of time—Sundays and Holidays. Whenever these rules prescribe a time for the performance of any act, Sundays and legal holidays in the District of Columbia shall count just as any other days, except that when the time prescribed for the performance of any act expires on a Sunday or a legal holiday in the District of Columbia, such time shall extend to and include the next succeeding day that is not a Sunday or such a legal holiday; Provided, That when the time for performing any act is prescribed by statute nothing in these rules shall be deemed to be a limitation or extension of the statutory time period."

[9] See the authorities cited in note 10 infra.

[10] It was reasoned that since many states have statutes of the character referred to supra, note 6, and Congress has no such generally applicable act, Congress intends no such result. Johnson v. Meyers, 8 Cir., 1893, 54 F. 417. This ignores the alternatives that the state acts are merely declaratory of the common law, cf. Kelly v. Independent Publishing Co., 1912, 45 Mont. 127, 122 P. 735, Ann.Cas.1913D, 1063, 38 L.R.A.,N. S., 1160, and that Congress frequently acts in the same manner, particularly where there is no obvious reason for overturning settled and just common-law rules. Standard Oil Co. v. United States, 1911, 221 U.S. 1, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A.,N.S., 834, Ann.Cas.1912D, 734; United States v. American Medical Association, 71 App.D.C. —, 110 F.2d 703, decided March 4, 1940.

Another reason assigned contrasts the power of courts over their own rules and over statutes, apparently assuming that equitable construction of the former is proper, but of the latter, by excluding the final Sunday, would change the terms of the act and thus invade the legislative function. Meyer v. Hot Springs Imp. Co., 9 Cir., 1909, 169 F. 628, 629; Maresca v. United States, 2 Cir., 1921, 277 F. 727,

necessary to discuss them fully. It is sufficient for present purposes to note that they applied only to strictly judicial proceedings, not those of administrative bodies;[11] to the time for taking appeals proper, not to filing an original pleading in a tribunal for trial (cf. notes 3 and 5 supra); that none of them involved proceedings of the Board here concerned; that they no longer represent the law applicable to federal judicial proceedings; and that extension of the rule of the Hazen case now for the first time to proceedings of the Board would place it out of step in this respect for the future with the courts and possibly with other administrative agencies.[12] We do not therefore consider that the Hazen case is conclusive upon the question presented here. Nor do we regard it as persuasive, since it no longer represents the law applicable to judicial proceedings and did not purport to deal with administrative proceedings, such as are involved here. These things being so, it would be unfortunate to extend it to the newly created District Board of Tax Appeals or other administrative agencies. Generally speaking, administrative procedure is, and should be, simpler, less formal and less technical than judicial procedure. Certainly it should not be made more so in the absence of clear and specific mandate from Congres. Prior to creation of the Board, the taxpayer's remedy was by a suit at law. District of Columbia v. Glass, 1906, 27 App.D.C. 576. The Board was established to furnish a more efficient, speedy and less expensive method for determining the validity of assessments. Adoption of respondent's view would defeat that purpose to the extent that it would be controlling. Possibly also it might result merely in driving petitioner into court to seek a judicial remedy.[13] It does not appear that time is of such essence in regard to these claims that any rightful interest of the Government will be prejudiced by excluding the final Sunday when the last day falls on Sunday. On the other hand, so doing will make the statutory period operate with greater uniformity both in coordination with the courts and among claimants; accord with settled business practice; and avoid the trap which is inherent in the opposite rule. We think also that this construction does no violence to the intention of Congress, but on the contrary more nearly complies with it than would the opposite one.

certiorari denied, 1922, 257 U.S. 657, 42 S.Ct. 183, 66 L.Ed. 420. This assumes that the statute is not ambiguous and therefore allowing the additional day would be "extension," not "construction." It seems contrary, in principle, also to the decisions involving statutory periods of less than a week, where the lower federal courts adhered to the common-law rule excluding Sundays. Johnson v. Meyers, 8 Cir., 1893, 54 F. 417, 418. The difference in length of the period would seem to go only to make the hardship more apparent in the shorter one, not to make it nonexistent in the longer. The difference in hardship, if there is one, arises from that in the lengths of the periods, not as is assumed from the fact that they are statutory. If construction is permissible to avoid hardship in the one, it should be in the other.

Other cases conclude that since Congress in some instances expressly provided for exclusion of the final Sunday, in others where it did not do so it intended to include it. Shefer v. Magone, C.C.S. D.N.Y., 1891, 47 F. 872; Johnson v. Meyers, 8 Cir., 1893, 54 F. 417. This assumes that because Congress in some statutes expressly recognizes the common-law rule, it intends to repudiate it where it does not do so. It converts sporadic explicit recognition, **by negative**

pregnant, into general repudiation. Statutory silence is not always prohibitive by contrast with statutory expression in other situations. Inland Waterways Corp. v. Young, 60 S.Ct. 646, 84 L.Ed. 901, decided March 25, 1940; Keifer & Keifer v. Reconstruction Finance Corp., 1939, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784.

The cases involving periods measured in months are not applicable, e. g., Johnson v. Meyers, 8 Cir., 1893, 54 F. 417; cf. Williams v. Lane, 1894, 87 Wis. 152, 58 N.W. 77.

[11] The United States Board of Tax Appeals and the Court of Claims apparently felt themselves bound by the decisions of the Circuit Courts, in respect to their own proceedings, and have applied the so-called "general federal rule" to them. Appeal of Sam Satovsky, 1924, 1 B.T.A. 22; Graf v. United States, Ct.Cl., 1938, 24 F. Supp. 54. Whether or not they will continue to do so, now that that rule no longer prevails in those courts, their decisions are not controlling upon us or the District Board of Tax Appeals.

[12] Cf. note 11 supra.

[13] It is not necessary to decide whether the remedy before the Board is exclusive, or either alternative or cumulative to the suit at law. The statute creating the administrative remedy remains open for construction upon that question.

The decision of the Board is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STEPHENS, Associate Justice.

I think that until the effective date of the Rules of Civil Procedure for the District Courts of the United States, September 16, 1938, Walker v. Hazen, 1937, 67 App.D.C. 188, 90 F.2d 502, necessarily governed the action of the Board in determining whether or not the petition for appeal was filed within the ninety days prescribed by the statute. And I think that, under Walker v. Hazen, the Board properly determined that the petition was filed late.