### FERD. MULHENS, Inc., v. HIGGINS, Collector of Internal Revenue.

District Court, S. D. New York.

Sept. 1, 1943

F. X. Fallon, Jr., of New York City, for plaintiff.

Howard F. Corcoran, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BRIGHT, District Judge.

Defendant moves to dismiss the complaint on the ground that the action was commenced one day too late. Plaintiff sues to recover overpayments of manufacturer's excise taxes which he had paid but had erroneously computed.

Section 3772 of the Internal Revenue Act, 53 Stat. 465, 26 U.S.C.A. Int.Rev.Code § 3772, is the applicable law, and in subdivision (2) provides that no suit or proceeding for the recovery of any internal revenue tax shall be begun "after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates."

Here plaintiff's claims were timely filed, and were rejected by the Commissioner by a letter mailed by registered mail on May 9, 1941. May 9, 1943, fell on a Sunday, and the complaint in this action was filed in the office of the clerk of this court on May 10, 1943.

It is argued that as the statute makes no provision for the one day of grace, as do the Bankruptcy Act, 11 U.S.C.A. § 54, and the Act relating to suits against the United States Patent Office, 35 U.S.C.A. § 21, it is to be presumed that Congress intended no such extension, that absent such intention, where the suit is in effect against the United States, the section quoted must receive a strict construction, this court not having the power to entertain a suit against the sovereign beyond the plain language of the grant. Defendant cites as decisive Graf v. United States, 24 F.Supp. 54, 84 Ct.Cl. 495.

Plaintiff contends that at common law Sunday was dies non, and that when the last day of a period in which an act must be performed falls on Sunday or a legal holiday, such act may be exercised on the next succeeding day which is not a Sunday or a legal holiday. He calls attention to Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that "in computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the time of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event

44

the period runs until the end of the next day which is neither a Sunday nor a holiday." In addition he relies upon Sherwood Bros., Inc. v. District of Columbia, 113 F.2d 162.

 If defendant's contention is correct plaintiff had one day less than two years in which to file suit. At common law the time would be extended beyond the Sunday on which the last day fell, and this, too, when a statute failed to give any grace time. Street v. United States, 133 U.S. 299-306, 10 S.Ct. 309, 33 L.Ed. 631; Monroe Cattle Co. v. Becker, 147 U.S. 47-56, 13 S.Ct. 217, 37 L.Ed. 72; Sherwood Bros. Inc. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162, 163.

On the other hand, if this is in reality a suit against the United States, the statute must be strictly complied with. Suits against the sovereign can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. United States v. Michel, 282 U.S. 656–659, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36-41, 58 S.Ct. 42, 82 L.Ed. 633. And the Rules of Civil Procedure cannot authorize the maintenance of suit against the United States to which it has not otherwise consented; they cannot authorize this court to enlarge its jurisdiction. United States v. Sherwood, 312 U.S. 584-590, 61 S.Ct. 767, 85 L.Ed. 1058; Graf v. United States, 24 F.Supp. 54, 87 Ct.Cl. 495.

And it has been held that generally, where statute does not provide for exclusion of Sundays, they must be counted within the time limit fixed by statute. Walker v. Hazen, 67 App.D.C. 188, 90 F.2d 502, certiorari denied 302 U.S. 723, 58 S.Ct. 44, 82 L.Ed. 559.

This last case has been criticized by the same court that rendered it in Sherwood Bros. v. District of Columbia, supra, as no longer representing the law applicable to federal judicial proceedings, one Justice dissenting. But that decision involved the determination of procedure in an administrative matter—whether a claim for refund had been filed in time—it being there held that where the ninetieth day of a statutory period fell on Sunday, a claim deposited in the mail on Saturday but not actually received by the Board of Tax Appeals until the following Monday was not too late. As that case involved an administrative matter, the court said the procedure should be more liberal.

Although this suit is in name against a Collector of Internal Revenue, the United States is the genuine defendant, the liability of the nominal defendant being formal rather than substantial. Moore Ice Cream Co. v. Rose, Collector &c., 289 U.S. 373-378-381-383, 53 S.Ct. 620, 77 L.Ed. 1265.

That being so, I am, regretfully to say the least, compelled to hold that the action is not saved by the federal rule mentioned, in view of the cases of United States v. Sherwood and United States v. Graf, supra.

The motion to dismiss is granted.