WYKER v. WILLINGHAM, Collector of
Internal Revenue.

No. 5399.

District Court, N. D. Alabama, S. D.
March 22, 1944.

Erle Pettus (of Jackson, Rives & Pettus), of Birmingham, Ala., for plaintiff.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for defendant.

MULLINS, Distict Judge.

This cause is submitted upon the defendant's motion to dismiss the action. The motion is made under rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the grounds (1) that this court does not have jurisdiction over either the subject-matter or the person of the defendant and (2) that the claim sued upon is barred by the statute of limitation of two years.

The suit is for the recovery of estate taxes paid upon the estate of John Daniel Wyker, deceased, the plaintiff being the duly appointed and qualified executor under the last will of the deceased. The complaint avers that proper claim for the refund of said taxes was timely filed and that the Commissioner of Internal Revenue rendered a decision on December 6, 1940, denying and rejecting said claim in its entirety. The complaint is silent as to when notice of this decision was mailed to the plaintiff.

In the defendant's motion it is shown by exhibits A and B, which are made a part of the motion, that notice of the disallowance of the claim for refund was duly mailed by the Commissioner by registered mail to the plaintiff on December 6, 1940. In addition, the parties have stipulated orally in open court that the Commissioner of Internal Revenue mailed the notice of disallowance of the claim on December 6, 1940, by registered mail, as required by law; that the two years within which to sue for the recovery of said taxes expired on Sunday, December 6, 1942, and that this suit was filed on December 7, 1942, one day after the two years had expired.

The plaintiff contends that since the last day of the two year period fell on Sunday that he had the right to file the suit on the following Monday. The defendant contends that the statute is to be strictly construed, and that the suit was filed one day too late.

The issues to be decided are (1) whether or not the statutory period for filing suit is to be extended one day, when the last day of the period falls on Sunday; and (2) can this question be raised by motion to dismiss, the complaint failing to show on its face that the claim is barred by the two year statute.

The applicable statute provides: "No such suit or proceeding shall be begun * * * after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance * * * of the claim to which such suit or proceeding relates." 26 U.S.C.A. Int.Rev.Code, § 3772 (a) (2).

■ Although the Collector of Internal Revenue is the formal party defendant, the suit, in reality, is against the United States. Moore Ice Cream Co. v. Rose, Collector, etc., 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed 1265; Ferd Mulhens, Inc., v. Higgins, Collector, etc., D.C.N.Y., 55 F.Supp. 42.

■ The United States can be sued only by its express consent. Where such permission is given, it is jurisdictional that the plaintiff comply with all conditions precedent and restrictions that are imposed upon the right to maintain the action. Such statutes constituting a relinquishment of the sovereign immunity from suit must be strictly construed. United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058.

■ Where, as here, a taxpayer permits the prescribed two year period after notice of rejection of his claim for refund to expire without beginning suit, neither the Commissioner of Internal Revenue has jurisdiction to extend the time for suit nor does the court have jurisdiction to entertain the suit. First National Bank of Chicago v. United States, 7 Cir., 102 F.2d 907; United States v. Borg-Warner Corp., 7 Cir., 108 F.2d 424.

In the case of A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472, 476, the court declared: "It is the definite policy of the Congress, gathered from the language of all the Revenue Acts, to prescribe periods of limitation for the exercise of the right to recover taxes which have accrued. Even the Government's inalienable legal right to taxes is restricted by a period of limitation in their assessment and collection. Statutes of limitation similarly control the rights of taxpayers and those who sleep on their rights may find themselves destitute of remedy. Only the vigilant will prevail."

■ In that case the court further held that the failure of the defendant, Collector of Internal Revenue, to plead the statute of limitations as a defense would not preclude the Circuit Court of Appeals from considering the applicability of the statute on appeal, where the statute not only bars the remedy but destroys the liability of the Government to refund the taxes. The statute of limitation now being considered not only bars the remedy but destroys the plaintiff's right to maintain the action.

The problem presented in the cases of Graf v. United States, 24 F.Supp. 54, 87 Ct.Cl. 495, and Ferd Mulhens, Inc., v. Higgins, Collector, etc., supra, was identical with the problem in the present case. In both of these cases it was held that the court was without jurisdiction. In my

opinion, these holdings are correct, and the present suit should be dismissed. This ruling may appear to be harsh but the plaintiff had two years (with the exception of Sunday, the last day) within which to institute his action.

By analogy, the ruling in the case of Casalduc v. Diaz et al., 1 Cir., 117 F.2d 915, supports the ruling here. That case dealt with the taking of an appeal from the District Court to the Circuit Court of Appeals. The Act provided that the appeal should be taken within forty days. The appellant slipped notice of appeal under the door of the clerk's office after closing hours on Saturday, the last day of the forty day period; but the clerk did not actually receive the notice of appeal until the following Monday morning. The appellate court held that it was without jurisdiction over the appeal.

 In the case of Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162, the court apparently reached a conclusion contrary to the ruling here. However, that case involved the determination of procedure in an administrative matter. In that case it was held that when the ninetieth day of the statutory period within which a claim for refund could be filed fell on Sunday, that a claim mailed on Saturday but not received by the Board of Tax Appeals until the following Monday was not too late. The matter being administrative, the court declared that a more liberal rule should apply and followed the rule recognized by the common law. There the court also referred to rule 6(a), Federal Rules of Civil Procedure, and pointed out that this rule provided that where the last day of the period falls on a Sunday or legal holiday, the following day shall be included. But the authority conferred upon a court to make rules of procedure does not authorize the court to enlarge its jurisdiction, and the Supreme Court has held that "the Act of June 19, 1934, 48 Stat. 1064, 28 U.S.C. § 723b, 28 U.S.C.A. § 723b, authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or enlarge the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts." United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058.

 In my opinion the question is properly presented by the motion to dismiss. The point raised is jurisdictional. The ex-

hibits made a part of the motion show that the suit was not filed within the two year period. Furthermore, the parties have stipulated for the purpose of this hearing that proper notice of disallowance was mailed by the Commissioner, by registered mail, on December 6, 1940. Where the parties have so stipulated, the question can be decided on the motion. In the case of Locals No. 1470, No. 1469, and No. 1512 of International Longshoremen's Ass'n v. Southern Pac. Co., 5 Cir., 131 F.2d 605, the court so ruled in the following language: "For present purposes, it may be conceded that the complaint stated a valid cause of action; but the court below admitted documentary evidence by stipulation, and considered that evidence. This procedure without objection, enabled the court to go beyond the disclosures of the bill of complaint to the crucial point of law upon which the controversy turned."

 The period of limitation began to run on December 7, 1940, and expired at midnight on December 6, 1942. The suit was filed on December 7, 1942, one day too late, and the court is without jurisdiction to consider the case on its merits.

Proper order will be entered.