**MILFORD TRUST CO. v. UNITED STATES.**

Civ. No. 1846.

District Court, D. Connecticut.

Dec. 31, 1946.

Charles M. Lyman (of Bronson, Rice & Lyman), of New Haven, Conn., for plaintiff.

Adrian W. Maher, U.S. Atty., Edward J. Lonergan, Asst. U. S. Atty., both of Hartford, Conn., and Douglas W. Mc-Gregor, Asst. Atty. Gen., for defendant.

SMITH, District Judge.

Plaintiff seeks to recover alleged overpayments of income taxes for the years 1937 and 1939. The defendant has moved to dismiss the complaint on the ground that the action was commenced too late. Counsel for the plaintiff now admits that the motion to dismiss should be granted as to the second count since the complaint was filed more than two years after the "date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance". 26 U.S.C.A. Int.Rev. Code, § 3772(a) (2).

However, the effect of the notice of disallowance of the 1937 claims for a $1,780.-62 refund is in dispute. Plaintiff filed his claim for this refund in due course and on

918

June 22, 1944 the Commissioner of Internal Revenue sent him by registered mail the notice of disallowance as required by Section 3772(a) (2). But the letter referred to a claim for $1,780.62 for 1939 taxes. This complaint was filed July 24, 1946.

Did the typographic or stenographic error in mentioning 1939 instead of 1937 vitiate the effect of the notice of disallowance? If the notice is held good despite the error, then obviously plaintiff has not filed his suit within two years of the mailing of a notice of disallowance and defendant's motion to dismiss should be granted as to the first count.

The plaintiff claims that the notice of disallowance was not an effective one, since it did not refer to the correct year. He argues from this that since he has never received a correct notice of disallowance from the Commissioner he is still free to bring suit. This interpretation will not stand up when viewed in the full light of the entire correspondence between the parties.

The typographic error did not in any way mislead the plaintiff. On the very same day that the Commissioner mailed his curt registered letter to the Milford Trust Company, he also sent it a fuller and more detailed communication. It discussed the claim for a refund, announced that "the claim for the refund of $1780.62 * * * is disallowed, (and) official notice will be issued by registered mail in accordance with Section 3772, Chapter 37, Internal Revenue Code." (Defendant's Exhibit D.)

Plaintiff had no other claim for $1,780.62 pending. The registered notice of disallowance was therefore effective as to the 1937 claim. Plaintiff was advised sufficiently that his claim for a refund had been disallowed, and well knew that his only recourse was a civil suit. Section 3772 requires that such suits be brought within two years.

Defendant's motion to dismiss is granted. Ferd, Mulhens, Inc., v. Higgins, 1943, S.D.N.Y., 55 F.Supp. 42; Wyker v. Willingham, 1944, N.D.Ala., 55 F.Supp. 105; United States v. Frauenthal et al., 8 Cir., 1943, 138 F.2d 188.