UNITED STATES of America,
Appellant,

v.

Chas. B. PETERS, Appellee.

UNITED STATES of America,
Appellant,

v.

Jessie M. PETERS, Appellee.
Nos. 5003, 5004.

United States Court of Appeals,
Tenth Circuit.

March 14, 1955.

Dudley J. Godfrey, Jr., Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Laurence S. Fordham, Sp. Assts. to the Atty. Gen., Paul W. Cress, U. S. Atty., Perry, Okl., and Leonard L. Ralston, Asst. U. S. Atty.,

Oklahoma City, Okl., were on the brief), for appellant.

Remington Rogers, Tulsa, Okl., for appellees.

Before BRATTON and PICKETT, Circuit Judges, and VAUGHT, District Judge.

BRATTON, Circuit Judge.

Where the last day of the statutory period for the filing of a claim for refund of an asserted overpayment of income tax falls on Sunday, may the claim be filed on the succeeding Monday? That is the question presented for determination in these consolidated cases.

Section 322(b) (1) of the Internal Revenue Code of 1939, 26 U.S.C.1952 ed. § 322(b) (1), provides in presently pertinent part that unless a claim for refund is filed by the taxpayer within three years from the time the return was filed or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later; and section 3772(a) (1), 26 U.S.C. 1952 ed. § 3772(a) (1), provides in presently material part that no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard.

Charles B. Peters and Jessie M. Peters were granted an extension of time until July 15, 1948, for the filing of their income tax returns for the calendar year 1947. On July 15, 1948, they filed their returns and paid the tax due as reflected in such returns, together with the accrued interest thereon. The taxpayers resided at Tulsa, Oklahoma. The Collector of Internal Revenue for the District of Oklahoma maintained offices for the transaction of his official business both in Tulsa and Oklahoma City. Neither of such offices was open for the receipt of claims for refund on Sundays. And July 15, 1951, fell on Sunday. On Saturday, the taxpayers each executed in proper form a claim for refund of the portion of the tax for the year 1947 assertedly paid through error. The claims were mailed at Tulsa late Saturday afternoon, addressed to the Collector at Oklahoma City; and in the ordinary course of mail a claim so mailed would have arrived at the post office in Oklahoma City on Sunday morning. There were five dispatches per Sunday of mail from Tulsa to Oklahoma City. The Collector did not collect his mail during the day Sunday. On Monday, July 16, he called at the post office and obtained the mail which had been placed in his box or drawer since the close of business on the preceding Friday. The claims of these taxpayers were included in such mail. The claims were rejected and these suits were filed to recover the refunds. The United States defended on the ground that the claims were not filed within the time allowed by law. The court entered judgment for the taxpayer in each case, and the United States appealed.

The cases are relatively narrow in compass. The depositing of the claims for refund in the post office in time for them to reach the post office box or drawer of the Collector in due course of mail before the expiration of the time fixed by law for the filing of such claims did not constitute a filing of them. They were not filed within the intent and meaning of section 322 of the Internal Revenue Code until they reached the Collector on Monday, July 16. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897; Poynor v. Commissioner, 5 Cir., 81 F.2d 521; Stebbins' Estate v. Helvering, 74 App.D.C. 21, 121 F.2d 892; Central Paper Co. v. Commissioner, 6 Cir., 199 F.2d 902; Hilker & Bletsch Co. v. United States, 7 Cir., 210 F.2d 847.

Section 322, supra, fixes two periods of time within which claims for refund of income tax must be filed. One period is three years from the filing of the return. The other is two years from the payment of the tax. And in every case the period expiring later has appli-

cation. Since these taxpayers filed their returns and paid the tax now in question at the same time, the three-year period applies. The last day of that period was Sunday. And while there is clear divergence of authority on the question, we share the view that in the absence of a controlling statute providing otherwise, when the last day of the period fixed for the doing of an act falls on Sunday, it may be done on the succeeding Monday. In other words, where a period of time is fixed within which an act must be done, and it develops arithmetically that the last day of such period falls on Sunday, the act may be done on the following day. Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631; Monroe Cattle Co. v. Becker, 147 U.S. 47, 13 S.Ct. 217, 37 L.Ed. 72; Union National Bank of Wichita v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190; Pressed Steel Car Co. v. Eastern Railway Co. of Minnesota, 8 Cir., 121 F. 609; Sherwood Bros. v. District of Columbia, 72 App.D.C. 155, 113 F.2d 162; Wilkes v. United States, 5 Cir., 192 F.2d 128; Van Duyn v. Van Duyn, 129 Wash. 428, 225 P. 444, 227 P. 321; State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294; Dobson v. Wilson & Co., 152 Kan. 820, 107 P.2d 676; Lamberti v. City of Stamford, 131 Conn. 396, 40 A.2d 190; Poetz v. Mix, 7 N.J. 436, 81 A.2d 741.

██ But it is argued that since statutes conferring a right to sue the Government must be strictly construed, the limitation period for the filing of claims for refund of income tax should be interpreted literally; and that there is no warrant for extending the period because the final day happens to fall on Sunday. The question in Sherwood Bros. v. District of Columbia, supra, was whether the taxpayer filed its claim for refund of taxes with the Board of Tax Appeals of the District of Columbia within the ninety-day period specified by statute for doing so as a condition of recovering taxes paid under protest. The ninety-day period expired on Sunday. The claim or appeal was prepared and deposited in the mail on Saturday, preceding the final day. And it was received and filed on Monday, succeeding the final day. The court said it was reasonable to assume that in the enactment of the statute fixing the ninety-day period, Congress had in mind the common-law rule that where the last day falls on Sunday the act may be done on the succeeding Monday, and to construe the statute accordingly. In like manner, it is reasonable to assume here that in the enactment of section 322, supra, Congress had the common-law rule in mind, and to construe the statute in harmony with it.

The judgment is affirmed.