## MOSIER v. GOODCELL, Former Collector of Internal Revenue.

## SAME v. WELCH, Collector of Internal Revenue.

### Nos. 3190–J, 3191–J.

District Court, S. D. California, Central Division.

March 19, 1931.

Dana Latham, Joseph D. Peeler, and Melvin D. Wilson, all of Los Angeles, Cal., and Miller & Chevalier, of Washington, D. C., for plaintiff.

Samuel W. McNabb, U. S. Atty., and Alva C. Baird, both of Los Angeles, Cal., and C. M. Charest, Counsel, Bureau of In-

ternal Revenue, of Washington, D. C., for defendants.

JAMES, District Judge:

The suits as above entitled are to recover the amount of income tax as fixed by a deficiency assessment made by the Commissioner of Internal Revenue. They affect the taxable income of the plaintiff for the year 1917 only, and are separately brought because of payments made to the two defendants, Collector Welch having succeeded to the office formerly held by defendant Goodcell.

■ The question presented is solely as to whether, by reason of the limitation periods fixed by the several revenue acts which were operative in 1917 and 1918 and which became of effect prior to the date when the deficiency assessment was made, the commissioner had power to make the assessment at the date stated. Incidentally, there is involved the sufficiency of certain waivers signed by the taxpayer. If the waivers were properly executed, it would seem that the plaintiff has no right to recover. Since the date of the bringing of these actions, the Supreme Court of the United States has passed upon every question argued by counsel for the plaintiff touching the matter of the alleged lack of power on the part of the commissioner under several time limitations fixed by the statute, and has determined those questions adversely to the position here taken by the taxpayer. It would seem useless to do more than to cite those cases. See Charles H. Stange v. U. S., 282 U. S. 270, 51 S. Ct. 145, 147, 75 L. Ed. ——; Aiken v. Burnet, 282 U. S. 277, 51 S. Ct. 148, 149, 75 L. Ed. ——; Burnet v. Chicago Railway Equipment Co., 282 U. S. 283, 51 S. Ct. 137, 75 L. Ed. ——; W. P. Brown & Sons Lumber Co. v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. ——, each decided on January 5, 1931.

■ Duly certified photostat copies of the waivers, signed by the taxpayer, were admitted in evidence, and I think that they were sufficient in form to entitle them to be received without additional proof as to their receipt by the internal revenue office. The first waiver was dated December 22, 1922, and approved by the commissioner March 10, 1923. It was a consent signed by the taxpayer that the commissioner might assess and collect the income tax of the taxpayer under his return made for the year 1917 irrespective of any period of limitations. On April 11, 1923, the commissioner issued his order determining that waivers theretofore made containing no limitation as to the time for

assessment on 1917 returns should be held to expire April 1, 1924. A further written waiver, in similar form to the one above referred to, except that it contained the proviso that it should expire on March 15, 1925, was made on February 7, 1924. In December, 1924, the commissioner's office addressed a letter to the plaintiff calling his attention to the fact that the last waiver made by him would expire within a short time, and inclosing a further form of waiver, which it was requested should be signed and returned. Under date of December 30, 1924, the plaintiff addressed a letter to the commissioner stating that he was complying with the latter's request and inclosing the waiver. This waiver was dated December 30, 1924, and purported to waive the time prescribed by law for "making any assessment of the amount of income, * * * taxes due under any return made by or on behalf of said taxpayer for the year 1917 under existing revenue acts, or under prior revenue acts." The deficiency assessment, as before noted, was made prior to the expiration of the period fixed in the last waiver. Each of the waiver forms as signed by the taxpayer bore an approval stamp of the Commissioner of Internal Revenue, with the signature of Blair, commissioner, affixed by some person, whose initials appear. The point is made that the waiver of December 30, 1924, transmitted by the taxpayer accompanying a letter of the same date, does not appear to have been approved until May 14, 1925, by the commissioner, which would be after the expiration date of the preceding waiver, which was March 15, 1925. There seems to be no contention but that the waiver last referred to was transmitted and received in due course with the taxpayer's letter of December 30, 1924. Judging from its date, it was dispatched promptly in response to the commissioner's request letter of December 24th of the same year.

■ It would seem by the decisions that the written approval by the Internal Revenue Commissioner is not deemed indispensable to the validity of a waiver. As was said in Stange v. U. S., hereinabove cited: "A waiver is not a contract, and the provision requiring the Commissioner's signature was inserted for purely administrative purposes and not to convert into a contract what is essentially a voluntary, unilateral waiver of a defense by a taxpayer." Also in Aiken v. Burnet, above cited: "The requirement in section 250 (d) of that act that the Commissioner sign the consent was inserted to meet

exigencies of administration, and not as a grant of authority to contract for waivers." It should be held, in my opinion, that where a taxpayer deposits with the Internal Revenue Commissioner a written waiver in due form and that waiver is accepted and acted upon, the date when the commissioner actually indorses thereon his written approval does not change the date when the waiver becomes effective. Hence in these cases, the waivers covered a continuous period from the date that the first one was executed up to and past the time when the deficiency assessment was made. Nor should it be held that the mere fact that the commissioner's signature of approval seems to have been attached by some person whose initials follow his name would invalidate the waivers. The documents constituting the waivers were deposited in the office of the commissioner, and having been there received as a result of suggestions to the taxpayer that they be forwarded, the presumption ought to be that any approval indorsement thereon made was duly authorized. The Circuit Court of Appeals for the Ninth Circuit has so held. Pantages Theater Co. v. Lucas, 42 F.(2d) 810. See also Liberty Baking Co. v. Heiner, 37 F.(2d) 703 (C. C. A. 3d).

Findings and judgment are directed to be entered in favor of the defendant in each case.