CAMPBELL CHAIN COMPANY (FORMERLY INTERNATIONAL CHAIN AND MANUFACTURING COMPANY), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25918.    Promulgated June 20, 1951.

*H. Cecil Kilpatrick, Esq.*, for the petitioner.
*Lester H. Salter, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* Respondent having denied a deduction of $75,-569.94, determined deficiencies of $6,873.15 in income tax and $39,-791.90 in excess profits tax against petitioner for the fiscal year ended March 31, 1946. The petitioner kept its books on the accrual basis for its fiscal year ending March 31 and filed its tax returns accordingly. On March 31, 1946, petitioner accrued as a contribution to a profit sharing trust meeting the requirements of an exempt trust under section 165 (a) for the fiscal year ending on that date, the sum of $75,-569.94. This contribution was actually paid to the trustees of the trust during business hours on May 31, 1946. The sixtieth day after the close of the fiscal year involved was Thursday, May 30, 1946, which was Memorial Day and a legal holiday in Pennsylvania, in which state petitioner's principal office was located. The only question is whether the payment was made "within sixty days after the close of the taxable year of accrual," as provided in section 23 (p) (1) (E) of the Internal Revenue Code.[1] The parties have filed a stipulation of facts which facts are so found.

Stated differently, the issue is whether the amount of the contribution is an allowable deduction for the fiscal year ended March 31, 1946, when the payment was made on the sixty-first day after the close of the taxable year and it appears that the sixtieth day was a legal holiday. Further narrowed, is the legal holiday falling on the last day of a statutory period to be included or excluded from that period.

An examination of the decisions readily discloses the aptness of Justice Douglas' remark in *Union National Bank* v. *Lamb*, 337 U. S. 38, that "There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday." In this respect a legal holiday is generally accorded the same treatment as a Sunday. See 52 Am. Jur., Time, secs. 19, 20, and cases cited in *Union National Bank* v. *Lamb*, *supra*, and *Sherwood Bros.* v. *District of Columbia* (C. A. D. C.), 113 F. 2d 162.

It should be pointed out that the act here prescribed by the statute to be done within the 60-day period is an ordinary business transaction, i. e., the payment of money. This, we think, furnishes a justi-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(p) CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.—

(1) General Rule.—\* \* \*

(E) For the purposes of subparagraphs (A), (B), and (C), a taxpayer on the accrual basis shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made within sixty days after the close of the taxable year of accrual.

fiable basis for distinguishing the instant problem from problems of jurisdiction such as were involved in *Sam Satovsky*, 1 B. T. A. 22, in which the courts seem inclined to a "stricter" rule than we think should be applied here. In a situation of this kind we think business custom is entitled to weight. The Pennsylvania statute designated May 30 a legal holiday and provided that that day "shall be considered as [a] holiday * * * for all purposes whatsoever as regards the transaction of business." Pa. Stats. Anno., Tit. 44, secs. 11 and 14. Pursuant to the policy of the statute petitioner's office was closed for business May 30, 1946, and payment was made the day following. We are not informed whether the office of the trustees to whom payment of the amount was to be made was open or closed on May 30, 1946, but we assume it also was closed. In any event, and since we have found nothing in the statute here involved which would require a contrary result, we hold petitioner's payment was timely.

This seems to accord with the reasoning of recent court decisions. In *Sherwood Bros.* v. *District of Columbia, supra,* the court was concerned with the timeliness of a claim for refund of taxes filed with the Board of Tax Appeals for the District of Columbia. The period specified by statute was 90 days. The last day of the period fell on Sunday and taxpayer filed the following day. The court held that the 90-day period included the following Monday. The court stated:

* * * As an original matter, considerations of convenience and fairness combine with well-settled rules of statutory construction to dictate exclusion of the final Sunday in calculating the period. That the final day fell on Sunday was largely a matter of accident, probably not contemplated by Congress. Furthermore, that fact created an ambiguity in the legislation which, if resolved against the taxpayer, would be productive of harsh and accidental results. Business practice and accepted legal principle, apart from statute, permit and in some instances require an act to be done on the following Monday where the last day upon which it should have been done falls on Sunday. That is the common-law rule, and it has become embedded in the habits and customs of the community, both from respect for religious considerations and by long-established legal and commercial tradition. It would be reasonable, therefore, to assume that Congress had the common-law rule in mind when it legislated, and to construe the statute accordingly. * * *

There is also the case of *Union National Bank* v. *Lamb, supra,* in which the Supreme Court held that an application for certiorari filed on the ninety-first day, when the nineteenth day of the statutory period was Sunday, was timely. In so holding the Court referred to Rule 6 (a) of the Rules of Civil Procedure[2] which, though not directly

---

[2] Rule 6 (a) provides: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. * * *"

applicable, it quoted with approval, saying: "* * * since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in [that rule] are equally applicable to [the problem before the Court]."

The foregoing cases indicate an attitude of some leniency on the part of the courts recently in treating the problem here involved which appeals to us, and while the fact situations are not precisely the same as the one we have, we, nevertheless, conclude that petitioner's payment was timely made and that the deductions should have been allowed for the fiscal year ended March 31, 1946.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

TURNER, *J.*, dissenting: In my opinion, the above is a matter for congressional, not judicial, determination. In *Sam Satovsky*, 1 B. T. A. 22, it would have been a kind and friendly act if we could have construed the statute to mean that a Sunday should not be counted as the sixtieth day of the period prescribed by Congress for the filing of petitions. We were of the opinion, however, and held, that Congress and Congress alone had the power to prescribe the bounds of our jurisdiction and that it had without qualification limited that jurisdiction to proceedings instituted by petitions filed within 60 days after the mailing of the notice of deficiency.

The question here is one of deduction from gross income for the purpose of determining net income. The Supreme Court and other courts, in cases too numerous to require citation, have repeatedly declared that deductions are matters of legislative grace and that a taxpayer seeking a deduction must strictly meet the requirements of the statute therefor. In this instance, Congress has said that the deduction of payments such as that here involved shall be allowed if the payment "is made within 60 days after the close of the taxable year of accrual." The bald fact is that the payment was not made within 60 days, and there is no provision in the statute, general or specific, which in any way qualifies the requirement that the payment must be made within 60 days.

It is not, in my opinion, without significance that when Congress amended the provisions of the statute to provide that in computing the period within which a petition might be filed with this Court, Sunday or a legal holiday was not to be counted as the last day, it still refrained from enacting any provision which generally provided that in determining the period within which acts thereunder might be performed, a Sunday or holiday should not be counted as the last day or that the provision here in question, when it was later enacted,

was enacted without any qualification of the 60-day limitation on the right to the deduction. We are not, in my opinion, at liberty to assume or conclude that Congress, if it had intended a different period where the sixtieth day should fall on a Sunday or a holiday, would have failed so to provide. It did not so write the statute, and I do not feel that we are authorized to rewrite it.

BLACK, LEECH and HARRON, *JJ.*, agree with this dissent.