GENERAL LEAD BATTERIES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36199. Promulgated June 29, 1953.

---

*Leo M. Rogers, Esq.*, for the petitioner.
*Francis X. Gallagher, Esq.*, for the respondent.

OPINION.

OPPER, *Judge:* The second Friday of January in the year 1950 fell on the 13th day of the month. That created unfortunate consequences for this taxpayer. His waiver of the statute of limitations which was mailed on that day was not delivered to the Newark office of the Bureau of Internal Revenue on the following day, when in the ordinary course of mails it could have been, because the Bureau's office was closed on Saturdays. See Federal Employees Pay Act of 1945, Pub. L. 106, 79th Cong., 1st Sess., June 30, 1945. More than that, no effort was made to accomplish such delivery because the mail carrier had knowledge of this fact. Such cases as *William Howard Doriss*, 3 T. C. 219, would accordingly be inapplicable in any event.

But the reason for the failure of the Bureau to receive the waiver before January 15 is not important. The controlling fact is not respondent's receipt or failure to receive notice, but the impossibility that, though exercising all diligence, he could affix his signature earlier than January 16. This is important because the statute [1] requires in unmistakable language that in order for an overpayment, which in this case is conceded, to be refundable the "agreement" must be ex-

---

[1] SEC. 322. REFUNDS AND CREDITS.

    *       *       *       *       *       *

    (d) OVERPAYMENT FOUND BY BOARD.—* * * No * * * credit or refund shall be made of any portion of the tax unless the Board determines as part of its decision (1) That such portion was paid * * * within two years before * * * the execution of an agreement by both the Commissioner and the taxpayer pursuant to section 276 (b) to extend beyond the time prescribed in section 275 the time within which the Commissioner might assess the tax * * * or (B) within three years before * * * the execution of the agreement * * * if * * * the agreement [was] executed within three years from the time the return was filed by the taxpayer, * * *

ecuted "by both the Commissioner and the taxpayer pursuant to section 276 (b)"; and that "agreement" is effective to authorize a refund under section 322 (d) only if it was so executed within 3 years after the payment in controversy was made, which in this case was January 15, 1947. In fact, petitioner himself states the issue to be "whether * * * the overpayment * * * for the year 1946, having been paid on January 15, 1947, was paid within 3 years before the execution *by both the Commissioner and the petitioner* of the agreement * * *." (Emphasis added.)

It matters not that the "agreement" is not a contract in the true sense, *Florsheim Bros. Dry Goods Co., Ltd.* v. *United States*, 280 U. S. 453; *Stange* v. *United States*, 282 U. S. 270, nor that the statutory requirement of the Commissioner's signature may originally have been inserted for purely administrative reasons. That it is a "requirement" is recognized in both the *Florsheim* and *Stange* cases. See also *Aiken* v. *Burnet*, 282 U. S. 277; *Burnet* v. *Railway Equipment Co.*, 282 U. S. 295.

And even if it be true that for purposes of section 276(b), and in spite of its express conditions, a waiver signed only by a taxpayer may be sufficient to waive the statute as to him, see *McCarthy Co.* v. *Commissioner*, (C. A. 9) 80 F. 2d 618, certiorari denied 296 U. S. 655; *Mosier* v. *Goodcell*, (D. C., S. D. Calif.) 49 F. 2d 391, the same may not be said of the requirement of section 322 (d) since the effect of the "agreement" there described is a waiver of the statute of limitations in behalf of the United States. The very reasoning of the *McCarthy* and *Mosier* cases would seem to call for a signature on behalf of respondent before such a waiver could become effective. See also *Commissioner* v. *Hind*, (C. A. 9) 52 F. 2d 1075. It can no longer be said of the signature by the Commissioner under those circumstances that it is purely for administrative reasons. In the light of the specific and unambiguous statutory language, and of the lack of evidence of any reason for a contrary legislative purpose, it would be presumptuous to conclude that a document required to be signed by both parties and affecting the interests of both need be signed by only one.

And although the last day fell on Sunday [2] the time within which such an act may be performed is not extended merely because of that fact. *National Casket Co.*, 16 B. T. A. 1141; G. C. M. 11650, XII–1 C. B. 325. There have been innumerable opportunities [3] to amend

[2] "* * * There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday," citing "Pro: *Street* v. *United States*, 133 U. S. 299; *Sherwood Bros.* v. *District of Columbia*, 72 App. D. C, 155, 113 F. 2d 162; *Wilson* v. *Southern R. Co.*, 147 F. 2d 165. Contra: *Johnson* v. *Meyers*, 54 F. 417; *Meyer* v. *Hot Springs Imp. Co.*, 169 F. 628; *Siegelschiffer* v. *Penn. Mut. Life Ins. Co.*, 248 F. 226; *Larkin Packer Co.* v. *Hinderliter Tool Co.*, 60 F. 2d 491; *Walters* v. *Baltimore & O. R. Co.*, 76 F. 2d 599." *Union National Bank* v. *Lamb*, 337 U. S. 38, 40. See also *Campbell Chain Co.*, 16 T. C. 1402.

[3] See e. g. *Sam Satovsky*, 1 B. T. A. 22; sec. 274, Revenue Acts 1924 and 1926.

sections 275, 276, and 322 if this authority did not represent the Congressional purpose. See *Pleasant Valley Wine Co.*, 14 T. C. 519.

Unfortunate as the conclusion may be for petitioner's pecuniary welfare, we see no alternative but to find that the payment in controversy was not made within the time required by section 322(d).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

VAN FOSSAN, *J.*, dissents.