HYDRO MOLDING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83975.    Filed May 28, 1962.

*Eugene J. Steiner, Esq.*, for the petitioner.
*Gerald J. Robinson, Esq.*, for the respondent.

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's income tax for the calendar year 1957 in the amount of $9,221.42.

The only issue for decision is whether petitioner is entitled to a deduction in the year 1957 in the amount of $17,733.51 as a contribution to a profit-sharing plan.

FINDINGS OF FACT.

Some of the facts have been stipulated and are found accordingly.

Petitioner is a corporation, incorporated under the laws of the State of New York on January 4, 1955. It filed its corporate income tax return for the calendar year 1957 with the district director of internal revenue at Albany, New York, on March 13, 1958.

Petitioner keeps its books and files its Federal income tax returns on an accrual basis of accounting, and its taxable year is the calendar year.

On its 1957 return petitioner claimed a deduction of $17,733.51 for a contribution to its profit-sharing trust fund. Under date of February 21, 1957, the district director of internal revenue at Albany, New York, issued a letter to petitioner determining that its profit-sharing plan met the requirements of section 401(a) of the Internal Revenue Code of 1954,[1] and that the trust was entitled to exemption under section 501(a).

The contribution of $17,733.51 for which petitioner claimed a deduction on its 1957 income tax return was accrued by petitioner during the calendar year 1957 and was paid in two separate checks dated April 14, 1958, and April 21, 1958. At all times during the months of January, February, and March 1958, petitioner had sufficient cash with which to have paid the amount of $17,733.51 to the profit-sharing trust fund.

In January or February of 1958, petitioner's officer who had the responsibility for recommending to the treasurer that the payments to the profit-sharing trust fund be made, had sought on behalf of petitioner, advice from a brokerage firm as to proper investments for the funds to be contributed by petitioner to the profit-sharing trust fund because of accrual in 1957. The advice requested from the brokerage firm was not received by petitioner until April 1958, and the officer who sought that advice from the brokerage firm was not aware in March of 1958 that payment to the profit-sharing trust fund was required to be made by March 15, 1958.

Respondent in his notice of deficiency disallowed the deduction of $17,733.51 claimed by petitioner for amounts contributed under the profit-sharing plan with the following explanation:

(a) It has been determined that the amount of $17,733.51, claimed by you as a contribution to a profit-sharing fund in the year 1957, is not an allowable deduction within the purview of Section 404 of the Internal Revenue Code of 1954.

OPINION.

Section 401(a) provides the qualifications of a trust created as a part of a profit-sharing plan of an employer for the benefit of his employees. The trust as created by petitioner was ruled in February 1957 to qualify under these provisions.

Section 404(a) provides that contributions paid by an employer under a profit-sharing plan shall not be deductible under section 162 relating to trade or business expenses or section 212 relating to expenses for the production of income, but that if they satisfy the conditions of either of those sections shall be deductible under section 404

---

[1] All references herein are to the Internal Revenue Code of 1954 unless otherwise noted.

subject to the limitations therein set forth.[2]  Section 404(a)(3) provides in the case of profit-sharing trusts that the contributions thereto are deductible in the year when paid, and section 404(a)(6) provides that for the purposes of paragraph 3, a taxpayer on the accrual basis shall be deemed to have made payment on the last day of the year of accrual, if the payment is on account of such taxable year and is made "not later than the time prescribed by law for filing the return for such taxable year (including extensions thereof)."

There is no question in the instant case that petitioner was on an accrual basis of accounting.  Petitioner does not argue that it actually made the payments to the profit-sharing trust earlier than the dates of the two checks by which the payments were made.  Petitioner makes two arguments, one being that since it would have been granted an extension of time within which to file its income tax return for the year 1957 in accordance with the provisions of section 6081[3] had it applied therefor, the words "including extensions thereof" contained in parentheses in section 401(a)(6) should be held to apply in its case

---

[2] SEC. 404. DEDUCTION FOR CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.

(a) GENERAL RULE.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to expenses for the production of income) but if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year:

    \*        \*        \*        \*        \*        \*        \*

(3) STOCK BONUS AND PROFIT-SHARING TRUSTS.—

(A) LIMITS ON DEDUCTIBLE CONTRIBUTIONS.—In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 501(a), in an amount not in excess of 15 percent of the compensation otherwise paid or accrued during the taxable year to all employees under the stock bonus or profit-sharing plan. \* \* \*

    \*        \*        \*        \*        \*        \*        \*

(6) TAXPAYERS ON ACCRUAL BASIS.—For purposes of paragraphs (1), (2), and (3), a taxpayer on the accrual basis shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made not later than the time prescribed by law for filing the return for such taxable year (including extensions thereof).

[3] SEC. 6081. EXTENSION OF TIME FOR FILING RETURNS.

(a) GENERAL RULE.—The Secretary or his delegate may grant a reasonable extension of time for filing any return, declaration, statement, or other document required by this title or by regulations. Except in the case of taxpayers who are abroad, no such extension shall be for more than 6 months.

(b) AUTOMATIC EXTENSION FOR CORPORATION INCOME TAX RETURNS.—An extension of 3 months for the filing of the return of income taxes imposed by subtitle A shall be allowed any corporation if, in such manner and at such time as the Secretary or his delegate may by regulations prescribe, there is filed on behalf of such corporation the form prescribed by the Secretary or his delegate, and if such corporation pays, on or before the date prescribed for payment of the tax, the amount properly estimated as its tax or the first installment thereof required under section 6152; but this extension may be terminated at any time by the Secretary or his delegate by mailing to the taxpayer notice of such termination at least 10 days prior to the date for termination fixed in such notice.

and payments made within 3 months after March 15, 1958, should be considered timely. Petitioner's second argument is a general equitable one, that it was through sheer inadvertence or lack of knowledge on the part of its officers that the payments were not made prior to March 15, 1958, that it had the cash available to make such payments prior to that date, intended to make the payments, and should not be penalized for the inadvertence or lack of knowledge of its officers.

Section 6072(b) specifically provides that returns of corporations made on the basis of the calendar year shall be filed on or before March 15, following the close of the calendar year. Section 6081(b) provides that an extension of 3 months for the filing of corporate tax returns shall be allowed if the corporation, in the manner and at the time prescribed by respondent's regulations, files the prescribed form and makes payment of the estimated amount of its tax or the first installment thereof.

Petitioner makes no contention that it filed the necessary forms to request an extension. We think it clear from the language of section 404(a)(6) that the words "including extensions thereof" refer to extensions of time properly applied for under the appropriate sections of the Internal Revenue Code.

The only case that petitioner cites in support of its contention that it should not be subject to the technicality of having its deduction disallowed merely because it did not in fact apply for an extension where it is clear that an extension would have been granted had it so applied, is *Sachs* v. *Commissioner*, 208 F. 2d 313 (C.A. 3, 1953). The *Sachs* case did not deal with a situation comparable to the one here involved. In the *Sachs* case the taxpayer had given its interest-bearing demand promissory note prior to the expiration of the period within which it was permitted to make payments, and the question was whether such a note constituted a payment or whether the statute required a payment in cash. Here, petitioner, although having available the funds with which to do so, made no payment until April 14, 1958 (30 days after the expiration of the period allowed by the statute for such payment), by cash, check, note, property, or otherwise. Cf. *Campbell Chain Co.*, 16 T.C. 1402 (1951).

In the instant case it is clear that petitioner had no motive of tax avoidance in not making the payment within the prescribed time. Likewise no motive of tax avoidance was found to exist in *Radom & Neidorff, Inc.* v. *United States*, 281 F. 2d 461 (Ct. Cl. 1960), where the salary of a corporate officer which had been accrued on the corporate books had not been paid prior to the expiration of the 75-day period required by section 24(c) of the Internal Revenue Code of 1939 because the officer's sister had refused to countersign the checks for his

salary within that period. The Court of Claims in holding that the plain and unambiguous wording of the statute there involved compelled the conclusion that the taxpayer was not entitled to the claimed deduction, stated:

Obviously Congress could not and did not foresee the events which have taken place and which, by application of the statute, probably results in harsh treatment to the taxpayer. That certain inequities result from the tax laws is a natural consequence of an intricate tax system. * * * To grant plaintiff the relief prayed for would either be to invoke equity or to legislate, which in either instance, is not our province.

Similarly, in the instant case, although the result is harsh, the clear and unambiguous language of the statute requires the conclusion that petitioner is not entitled to the claimed deduction for contributions to the profit-sharing trust fund.

*Decision will be entered for the respondent.*