JOSEPH J. NICKLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nicklo v. Commissioner
Docket No. 27738-86.
United States Tax Court
T.C. Memo 1988-235; 1988 Tax Ct. Memo LEXIS 264; 55 T.C.M. (CCH) 953; T.C.M. (RIA) 88235; May 26, 1988. Joseph J. Nicklo, pro se. Phillip A. Pillar, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION *265 COHEN, Judge: Respondent determined deficiencies of $ 16,127 and $ 2,271 in petitioner's Federal income taxes for 1980 and 1981, respectively , and an addition to tax in the amount of $ 681 under section 6659 [1] for 1981. The issue for determination is whether petitioner is entitled to enforce the terms of settlement offered to his partners in a tax shelter venture or to abatement of interest from the effective date of his partners' settlement. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation of facts is incorporated in our findings by this reference. In 1979, petitioner was a partner in Jolyn Fine Arts of Aurora, Colorado. The partnership invested in an art master sold by Jackie Fine Arts, Inc. On his 1979 tax return, filed on or about June 19, 1980, petitioner claimed an investment tax credit in the amount of $ 15,741, of which $ 15,700 was passed through from Jolyn Fine Arts. On his tax returns for 1980 and 1981, petitioner claimed losses passed through from Jolyn Fine Arts in the amounts of $ *266 44,132 and $ 15,778, respectively. Prior to February 23, 1982, the Internal Revenue Service commenced an investigation of petitioner's tax liability for 1980. Among the documents requested was a copy of petitioner's 1979 tax return. Thereafter respondent's investigation expanded to include 1981. On March 7, 1984, and January 14, 1985, petitioner executed Consents to Extend the Time to Assess Tax (Form 872), as a result of which the time for assessing a deficiency for 1980 was extended to June 15, 1986. On January 14, 1985, petitioner executed a Consent to Extend the Time to Assess Tax (Form 872) for 1981, extending the time to assess tax for that year to June 15, 1986. On April 9, 1986, respondent sent the notice of deficiency in issue in this case, determining deficiencies for 1980 and 1981 by disallowing the losses claimed from Jolyn Fine Arts. No notice was sent with respect to petitioner's tax year 1979, and no extension of the time to assess the tax for that year was requested, even though the statute of limitations did not preclude such assessment as of the time that the examination for 1980 commenced. In or about January 1984, petitioner's partners in Jolyn Fine *267 Arts entered into a settlement with the Internal Revenue Service, pursuant to which they were allowed to deduct their cash investments in Jolyn Fine Arts during the years that the investments were made. Petitioner was not offered the same settlement, because the year in which he first claimed deductions, 1979, was no longer open to assessment. At no time in this proceeding did petitioner contend that he was entitled to the investment tax credit and deductions claimed in relation to Jolyn Fine Arts. [2] Petitioner has simply contended that his cash investment was $ 8,723; that his tax for 1980 should be reduced by $ 4,270; and that interest should be abated from the date of his partners' settlement in January 1984. He has offered to "agree to open 1979 tax year, presently barred by statute, for consideration in the settlement of the named case" on conditions including: 1. In settlement of the dispute, the taxpayer would be entitled to ordinary deductions of actual cash expenditures in the investment, and the income tax treatment of the investment would be fixed for taxable years 1979, 1980, 1981, and 1982, and all years thereafter. The taxpayer would be liable only for applicable *268 interest and penalties up to and including January, 1984, same date of partners' acceptance of final settlement. 2. The IRS agrees not to require the taxpayer to defend his 1979 tax return. Reason: Since 1979 was not an issue in the dispute, the taxpayer disposed of most records and documents. OPINION Petitioner here is contending that respondent erred (1) in not determining a deficiency in his tax liability for 1979 prior to the expiration of the period of limitations for that year (in June 1983) and (2) in not offering to him in January 1984 the same settlement that was effectuated with his partners. Respondent has declined petitioner's offer, described above. Petitioner seeks to have the Court effectuate his offer. There are several reasons why that is not possible. First, a limited waiver of the statute of limitations, *269 such as the conditional one now offered by petitioner, is not valid unless executed prior to the expiration of the original period of limitations. Section 6511(c)(1); see Glenshaw Glass Co. v. Commissioner,25 T.C. 1178 (1956), and General Lead Batteries Co. v. Commissioner,20 T.C. 685 (1953), interpreting the predecessor to section 6511. There is no other applicable theory under instant facts under which the running of the period of limitations would be suspended or the effect of the statute of limitations would be mitigated. Second, petitioner has not presented any proof of his actual cash investment or legal theory under which such investment would be allowed as a deduction. If the case had proceeded to trial on the merits of his original investment in a Jackie Fine Arts reproduction through the partnership, he probably would not be entitled to any deductions or investment tax credit. See Rose v. Commissioner,88 T.C. 386 (1987), on appeal (6th Cir., Dec. 14, 1987); West v. Commissioner,88 T.C. 152, 161-164 (1987). Because of the failure of respondent to audit petitioner's 1979 tax return and determine a *270 deficiency in relation to that year, petitioner has received tax benefits in excess of $ 16,000. According to one of the exhibits submitted by petitioner (a calculation by a revenue agent, prepared November 25, 1983), if petitioner had been allowed the out-of-pocket settlement, and the year were not barred, his deficiency for 1979 would have been $ 6,528. Whatever underpayment for 1979 was determined would bear interest to the date of payment, probably at the rate of 120 percent of the normal rate after December 31, 1984. Section 6621(c); Rose v. Commissioner,88 T.C. at 424-427. Thus if appropriate adjustment were made for 1979, petitioner would probably owe more, not less, than the amount of deficiencies determined by respondent for 1980 and 19981 and interest due thereon. [3] Under those circumstances, there is no legal or equitable basis for relief to petitioner. See Adams v. Commissioner,85 T.C. 359, 375-376 (1985); Avers v. Commissioner,T.C. Memo. 1988-176; Adelberg v. Commissioner,T.C. Memo. 1985-597, affd. without published opinion 811 F.2d 1507 (9th Cir. 1987). *271 Third, we have no jurisdiction generally to abate interest. See Betz v. Commissioner, 90 T.C.     (Apr. 26, 1988). See also Bowman v. United States,824 F.2d 528 (6th Cir. 1987); LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975). Petitioner relies on Rev. Proc. 87-42, 1987-35I.R.C. 11, which sets forth procedures for abatement of interest at the discretion of the Secretary of the Treasury under section 6404(e)(1). This Court lacks jurisdiction to consider an interest abatement issue raised under section 6404(e). 508 Clinton Street Corp. v. Commissioner,89 T.C. 352 (1987). In any event that section is not applicable here, however, because the error, if any, attributable to the Internal Revenue Service was in not determining a deficiency for 1979; petitioner is not making or being requested to make any payment for that year. Petitioner has not shown any error attributable to the Internal Revenue Service with respect to 1980 or 1981. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the years in issue. ↩
2. This investment was apparently indistinguishable from the one described in Rose v. Commissioner,88 T.C. 386↩ (filed Feb. 5, 1987), on appeal (6th Cir., Dec. 14, 1987), in which we concluded that the taxpayers were not entitled to investment tax credits or deductions claimed in relation to Art Masters acquired from Jackie Fine Arts. 3. Because respondent did not raise the issue in any way until the time of trial, the Court denied a oral motion to amend the answer to claim interest under section 6621(c) in this case. ↩