**RAO**

v.

**PORT OF NEW YORK AUTHORITY et al.**

Civ. No. 14013.

United States District Court, E. D. New York.

June 28, 1954.

596

Sidney Goldstein, Brooklyn, N. Y., Daniel B. Goldberg, New York City, for defendant, Port of New York Authority appearing specially, for the motion.

Leon Weinstock, New York City, (Julian Buchbinder, New York City, of counsel), for plaintiff in opposition.

RAYFIEL, District Judge.

The defendant, The Port of New York Authority, appears specially and moves to dismiss the complaint as against it on the ground that this Court lacks jurisdiction over the subject matter thereof and over the person of this defendant.

It bases its motion on the failure of the plaintiff to comply with the provisions of Chapter 301 of the Laws of the State of New York, 1950, and Chapter 204 of the Laws of New Jersey, 1951, in the following two respects: (1) that the plaintiff failed to commence this action within one year after the accident, which is the subject matter thereof, occurred, and (2) that the plaintiff failed to serve a Notice of Claim sufficient to comply with the provisions of the aforementioned statutes.

The pertinent portions of the said statutes provide as follows: "§ 7. The foregoing consent [to be sued] is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced. The provisions of this section shall not apply to claims arising out of provisions of any workmen's compensation law of either state. (Matter within parentheses added.)

"§ 8. The notice of claim required by section seven hereof shall be in writing, sworn to by or on behalf of the claimant or claimants, and shall set forth (1) the name and post office address of each claimant and of his attorney, if any, (2) the nature of the claim, (3) the time when, the place where and the manner in which the claim arose, and (4) the items of damage or injuries claimed to have been sustained so far as then practicable. Such notice may be served in the manner in which process may be served, or in lieu thereof, may be sent by registered mail to the port authority at its principal office. Where the claimant is an infant or is mentally or physically incapacitated and by reason of such disability no notice of claim is filed or suit, action or proceeding commenced within the time specified in section seven hereof, or where a person entitled to make a claim dies and by reason of his death no notice of claim is filed or suit, action or proceeding commenced within the time specified in section seven hereof then any court in which such suit, action or proceeding may be brought may in its discretion grant leave to serve the notice of claim and to commence the suit, action or proceeding within a reasonable time but in any event within three years after the cause of action accrued. Application for such leave must be made upon an affidavit showing the particular facts which caused the delay and shall be accompanied by a copy of the proposed notice of claim if such notice has not been served, and such application shall be made only upon notice to the port authority."

The plaintiff concedes that the accident which is the basis of the action occurred on December 10, 1952, that the complaint was filed in this court on December 18, 1953, and that it was served on the de-

fendant Port of New York Authority on December 24, 1953. He contends, however, that his suit was commenced within the period prescribed by the aforementioned statute since the requirement in said statute that at least 60 days elapse between the filing of the notice of claim and the commencement of the action extends the period of limitation to that extent; in other words, that the statute of limitations is one year and sixty days.

He cites as authority for his position Section 24 of the New York Civil Practice Act which states: "Where the commencement of an action has been stayed by injunction or other order of a court or judge or by *statutory prohibition,* the time of the continuance of the stay is not a part of the time limited for the commencement of the action." (Emphasis added) and various cases decided thereunder.

 I disagree with the plaintiff's contention. The Port of New York Authority was created by compact between the States of New York and New Jersey and is a body corporate and politic. The statutes setting forth the conditions under which the said "Authority" consented that it may be sued are clear and unambiguous; they provide that the action must be commenced within one year from the time that the cause of action accrued. Statutes wherein sovereign immunity against suit is waived must be strictly construed. Schillinger v. U. S., 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Ferd. Mulhens, Inc., v. Higgins, D.C., 55 F. Supp. 42. In the latter case the court said, 55 F.Supp. at page 44:—"On the other hand, if this is in reality a suit against the United States, the statute must be strictly complied with. Suits against the sovereign can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. United States v. Michel, 282 U.S. 656–659, 51 S.Ct. 284, 75 L.Ed. 598; Munro v. United States, 303 U.S. 36–41, 58 S.Ct. 42 [421], 82 L.Ed. 633. And the Rules of Civil Procedure cannot authorize the maintenance of suit against the United States to which it has not other-wise consented; they cannot authorize this court to enlarge its jurisdiction. United States v. Sherwood, 312 U.S. 584–590, 61 S.Ct. 767, 85 L.Ed. 1058; Graf v. United States, 24 F.Supp. 54, 87 Ct.Cl. 495."

 The period of time provided by the statutes here involved for the commencement of an action may not be enlarged by the unilateral action provided under Section 24 of the New York Civil Practice Act. Such an enlargement would constitute a modification of the compact between the States without the consent of one of the contracting parties. In view of the foregoing it will be unnecessary to consider the adequacy of the notice of claim.

The motion of the defendant The Port of New York Authority is therefore granted.

Settle order on notice.