[Civ. No. 33611. First Dist., Div. Two. May 29, 1975.]

DWIGHT L. STANLEY et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

## COUNSEL

Norman Harris and Carl Wetteroth, Jr., for Plaintiffs and Appellants.

Thomas M. O'Connor, City Attorney, and Edward C. A. Johnson, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**KANE, J.**—Appellants Dwight L. Stanley and Eric Ramar, a minor, appeal from the trial court's order granting respondent's motion for summary judgment.[1]

---

[1]While the order is nonappealable and the record does not disclose that any judgment was ever entered pursuant thereto, judicial expediency dictates that we reach the merits of the appeal and we therefore treat the order as a rendition of judgment (rule 2(c), Cal. Rules of Court).

On February 2, 1972, a three-car accident occurred at Third Street and Paul Avenue, San Francisco, in which appellant Stanley, the driver of a 1967 Volkswagen, and his passenger, appellant Ramar, a minor, were injured. Since the police van which allegedly caused the collision was driven by a San Francisco policeman, appellants brought an action both against the driver and respondent public entity. In accordance with Government Code,[2] sections 905 and 911.2, appellants filed timely claims on February 23, 1972. Their claims were rejected by respondent in letters mailed to appellants on April 12 and 13, 1972, which letters contained the "warning" requirement of section 913, subdivision (b), set out in footnote 4, *infra.* Appellants filed their complaint for damages on October 16, 1972, more than six months after the rejection of their claims. Based upon the ground that under section 945.6, subdivision (a) (1), the time for commencing the action had passed prior to the filing of the complaint,[3] respondent's motion for summary judgment was granted by the trial court.

Appellants do not deny their failure to file suit within the statutory time limit. Rather, they contend that the summary judgment cannot stand because section 945.6, subdivision (a) (1) is violative of the due process and equal protection clauses of both the federal and state Constitutions. Appellant Ramar in addition insists that Code of Civil Procedure, section 352, subdivision (b), is constitutionally infirm and unsupportive of the summary judgment. We discuss appellants' contentions in sequence.

### Constitutionality of Claims Statute

(a) ▮ *Due Process:* As shall appear, appellants' constitutional challenge premised on due process does not withstand judicial scrutiny and must fail. The California Constitution provides that "Suits may be brought against the state in such manner and in such courts as shall be directed by law." (Cal. Const., art. III, § 5 (prior art. XX, § 6).) The cases interpreting the foregoing section emphasize that an action against the

[2]Unless otherwise indicated, all references will be made to the California Government Code.

[3]Section 945.6 provides in pertinent part that "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), *any suit brought against a public entity* on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *must be commenced:* (1) If written notice is given in accordance with Section 913, *not later than six months after the date such notice is* personally delivered or *deposited in the mail."* (Italics added.)

state may be brought only in a manner and within the time allowed by statute. It is likewise underlined that where the right to bring suit against the state is granted, the state may impose conditions as a prerequisite to the commencement of the action against it and place limitations upon the enforcement of such action (*Fidelity & Dep. Co.* v. *Claude Fisher Co.* (1958) 161 Cal.App.2d 431, 436-437 [327 P.2d 78]; *Vinnicombe* v. *State of California* (1959) 172 Cal.App.2d 54, 56 [341 P.2d 705]). The conditions imposed by the statute as a prerequisite to an action against the state are mandatory and must be strictly complied with (*County of Los Angeles* v. *Riley* (1942) 20 Cal.2d 652, 662 [128 P.2d 537]), and recovery will be denied where legal action is not brought against the state within the period prescribed by the statute (*Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 90 [31 Cal.Rptr. 524]; *County of San Luis Obispo* v. *Gage* (1903) 139 Cal. 398 [73 P. 174]).

In consonance with the aforestated principles, the California Tort Claims Act (§ 815 et seq.) sets out a carefully devised statutory scheme under which the government and other public entities can be sued. Accordingly, in order to be eligible for relief, the claimant must present a claim for compensation to the entity which is allegedly responsible for the injury (§§ 905, 915). All claims for personal injury or property damage must be presented to the public entity within 100 days after the accrual of the cause of action (§ 911.2). In the event the claimant fails to file the claim within 100 days, he may apply to present a late claim any time up to one year after the accrual of the cause of action (§ 946.6). When the claim has been filed within the original 100 days, the governmental entity has 45 days to grant or deny the claim; if a claim is not acted upon within 45 days after its presentation, it is deemed rejected (§ 911.6). If the entity gives written notice of rejection of the claim in accordance with section 913 (see fn. 4, *infra*), suit must be brought not less than six months after the date such written notice was either (1) personally delivered or (2) deposited in the mail to claimant (§ 945.6). However, if written notice is not given in accordance with section 913, the claimant is allowed two years from the accrual of the cause of action in which to file suit (§ 945.6).

The foregoing statutory provisions which define with precision and clarity the respective rights and duties of both the individual claimants and the public entities cannot be said to be unreasonable, arbitrary or vague and thus subject to constitutional attack on due process grounds. Appellants, whose timely claim was rejected by respondent, were put on statutory and actual notice that they had only six months to file a court

action in the case (§ 913).[4] As a consequence, they may not invoke the constitutional precept of due process in an attempt to avoid the result of their own inadvertence and neglect in complying with clearly phrased and reasonable legislation.

We observe that *Grubaugh* v. *City of St. Johns* (1970) 384 Mich. 165 [180 N.W.2d 778, 44 A.L.R.3d 1095], on which appellants place their main reliance, is clearly distinguishable from the case at bench. Unlike the California statute which merely *waives* the defense of immunity, the Michigan statute creates liability on the part of the government to the same extent as a private tortfeasor. Under the Michigan statute the court properly held that the claim requirement was arbitrary because it unconstitutionally deprived minors of their vested rights. By contrast, it is clear that the scheme for suing the government in California is based upon waiver of immunity from legal action. This scheme was not designed to create an independent source of substantive liability (cf. *Sava* v. *Fuller* (1967) 249 Cal.App.2d 281 [57 Cal.Rptr. 312]). Moreover, the constitutional authority empowering the Legislature to control the manner in which the government is sued (Cal. Const., art. III, § 5, *supra*), has been construed as a consent to be sued, not an independent basis upon which to hold the government liable (*Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211, 220 [11 Cal.Rptr. 89, 359 P.2d 457]). In short, since a governmental entity in California may be sued only by virtue of consent, the vested right analysis applied in *Grubaugh* is manifestly inappropriate (cf. *An Analysis of the Constitutionality of California's Scheme for Suing the Government in Tort* (1974) 8 U.S.F. L.Rev. 611, 625).

(b) ■ *Equal Protection:* Appellant's argument based on equal protection of laws is likewise untenable. ■ As frequently reiterated the equal protection clause does not prohibit legislative classification and

---

[4]Section 913 as amended in 1970 provides in pertinent part:

"(a) Written notice of the action taken under Section 912.6 or 912.8 or the inaction which is deemed rejection under Section 912.4 shall be given in the manner prescribed by Section 915.4. Such notice may be in substantially the following form: . . .

"(b) *If the claim is rejected* in whole or in part, *the notice* required by subdivision (a) *shall include a warning in* substantially *the following form:*
'WARNING

" 'Subject to certain exceptions, *you have only six (6) months from the date this notice* was personally delivered or *deposited in the mail to file a court action on this claim.* See Government Code Section 945.6.

" 'You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.' " (Italics added.)

imposition of statutory restraints on one class which are not imposed on another. *The classification is constitutionally infirm only if it bears no rational relationship to the achievement of a legitimate state objective.* State Legislatures are presumed to have acted within their constitutional powers despite the fact that, in practice, their laws result in some inequality. *A statutory discrimination will not be set aside as a denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it* (*McDonald* v. *Board of Election* (1969) 394 U.S. 802, 808-809 [22 L.Ed.2d 739, 745-746, 89 S.Ct. 1404]; *McGowan* v. *Maryland* (1961) 366 U.S. 420, 425-426 [6 L.Ed.2d 393, 398-399, 81 S.Ct. 1101]; *Metropolitan Co.* v. *Brownell* (1935) 294 U.S. 580, 583-584 [79 L.Ed. 1070, 1072-1073, 55 S.Ct. 538]).

When viewed in light of the foregoing principles the California claims statute withstands the constitutional challenge leveled against it, and the classification made between governmental and nongovernmental tort victims may be said to have a fair and substantial relation to the object of the legislation and to promote a number of legitimate state interests. As has been pointed out, one of the reasons for this type of legislation is to prevent public funds from being consumed in needless litigation by affording the public entity an opportunity for amicable adjustment before it is charged with the cost of suit and other expenses. Another reason is that it provides the public body responsible for making preparations for the fiscal year with an opportunity to be informed in advance as to the indebtedness or liability that it may be expected to meet. A third reason is to give the public entity prompt notice of a claim in order to enable it to investigate the merits of the claim while the evidence is still fresh and the witnesses are available (*Wadley* v. *County of Los Angeles* (1962) 205 Cal.App.2d 668, 670 [23 Cal.Rptr. 154]; *Hochfelder* v. *County of Los Angeles* (1954) 126 Cal.App.2d 370, 374 [272 P.2d 844]; see also: *Dias* v. *Eden Township Hospital Dist.* (1962) 57 Cal.2d 502, 503 [20 Cal.Rptr. 630, 370 P.2d 334]). The fourth reason is to afford the public entity a chance to correct the conditions or practices which gave rise to the claim. This latter circumstance is especially significant in light of the fact that public entities own and operate a variety of public properties (e.g., parks, playgrounds, beach facilities, streets, sidewalks, public buildings, swimming pools, etc.), the dangerous condition of which creates liability in case the entity had actual or constructive notice of the dangerous condition and failed to take timely precautionary measures to remedy it (cf. §§ 835, 835.2).

Recognizing that for the aforestated weighty considerations the classification in the claims statute is entirely justifiable and reasonable,

the California authorities have unanimously upheld the constitutionality of the claims statute and concluded that the statutory requirement for presenting claims to a public entity before suit may be brought does not violate the constitutional guarantees of due process or equal protection of laws (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 481 [58 Cal.Rptr. 249, 426 P.2d 753]; see also *Dias* v. *Eden Township Hospital Dist., supra* at p. 504; *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 699 [108 Cal.Rptr. 392]; *Hom* v. *Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335, 338 [61 Cal.Rptr. 920]; *Wadley* v. *County of Los Angeles, supra*, at pp. 672-673).

We observe that the constitutionality of the claims statute was recently presented to the California Supreme Court in *Whitfield* v. *Roth* (1974) 10 Cal.3d 874 [112 Cal.Rptr. 540, 519 P.2d 588]. While *Whitfield* was decided on other grounds, the Supreme Court noted that "no arguments or authority have been brought to our attention which would suggest that our decision in *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 481, upholding the constitutionality of the claims statute, is no longer valid." (*Whitfield* v. *Roth, supra* at pp. 889-890, fn. 20). The constitutionality of the claims statute was likewise raised and upheld in another recent case, *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844 [114 Cal.Rptr. 518] (hg. den.). In *Roberts,* plaintiff-appellant relied on *Reich* v. *State Highway Department* (1972) 386 Mich. 617 [194 N.W.2d 700], and *Turner* v. *Staggs* (1973) 89 Nev. 230 [510 P.2d 879], and contended that the failure of the statute to put the private and government tortfeasors on an " 'equal footing' " constituted an unreasonable classification. The court rejected plaintiff's contention, emphasizing that unlike Michigan and Nevada, where the state has waived its tort immunity, in California there *is* governmental immunity, *except* for the very specific areas in which the statute allowed suits (§ 815; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 931-932 [101 Cal.Rptr. 568, 496 P.2d 480]).

*Constitutionality of Code of Civil Procedure,*
*Section 352, subdivision (b)*

██ The remaining argument raised by appellant Ramar in which he attacks the constitutionality of Code of Civil Procedure, section 352, subdivision (b), on equal protection and due process grounds, requires only a relatively brief discussion.

Subdivision (b) was added to Code of Civil Procedure, section 352, by the Legislature in 1970 with the obvious purpose of overruling the

holding of *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], which concluded that the time limitation set out in section 945.6 within which the action against the public entity must be commenced is not applicable to minors. The subdivision in dispute provides that after a minor (or other person suffering from a described legal disability) has presented a claim to the public entity, he must institute the action against the public entity within the same period of time as other claimants.[5] Thus it is apparent that subdivision (b) does no more than put the minor on an equal basis with all other claimants and, as a consequence, the constitutional attack launched against it on equal protection grounds is invalid on its face and must be summarily rejected.

Appellant Ramar similarly fails to advance any convincing argument why the legislation at issue cannot pass constitutional muster on due process grounds. The plausible reason for tolling the statute of limitations during minority is to preserve the minor's cause of action until a guardian or other representative can act on his behalf or until the minor reaches the age of majority and is able to protect his own rights. However, the same rationale does not obtain once, as here, a claim has been filed on behalf of the minor and his rights have been adequately protected. Under these circumstances it is reasonable to legislate that the minor's cause of action shall be subject to the same limitation period as other plaintiffs.

The judgment (order granting summary judgment) is affirmed.

Taylor, P. J., and Rouse, J., concurred.

---

[5]Code of Civil Procedure, section 352, provides that:

"(a) *If a person entitled to bring an action,* mentioned in chapter three of this title, *be,* at the time the cause of action accrued, either: 1. *Under the age of majority;* or, 2. Insane; or, 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or, 4. A married woman, and her husband be a necessary party with her in commencing such action; *the time of such disability is not a part of the time limited for the commencement of the action.*

"(b) *This section does not apply to an action against a public entity* or public employee upon a cause of action *for which a claim is required to be presented* in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code. This subdivision shall not apply to any claim presented to a public entity prior to January 1, 1971." (Italics added.)