ALICE PINCKNEY, PLAINTIFF, v. CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, AND PUBLIC SERVICE ELECTRIC & GAS CO., A NEW JERSEY CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 30, 1976.

*Mr. Leonidas P. Doumas* for plaintiff.

*Mr. Joseph T. Romano* for defendant City of Jersey City (*Mr. Dennis L. McGill,* attorney).

BILDER, J. S. C.   This matter is before the court on two separate motions relating to a claim under the New Jersey Tort Claims Act. Plaintiff has made a motion for leave to file a late claim pursuant to *N. J. S. A.* 59:8–9 and defendant Jersey City has made a motion to dismiss the complaint for failure to comply with the notice provisions of the act. *N. J. S. A.* 59:8–8.

On December 25, 1973 plaintiff suffered injuries as the result of a fall which occurred while she was walking on Sip Avenue, Jersey City. She alleges the fall was caused by an improperly recessed or deteriorated manhole cover.

No notice was given to the city and, indeed, even the affidavit accompanying the motion for leave to file a late claim is silent as to nature of the claim except for the general allegation set forth above and the additional statement that the matter was first referred to New Jersey counsel by Pennsylvania counsel on December 22, 1975.

A motion for leave to file a late claim pursuant to *N. J. S. A.* 59:8–9 was filed January 6, 1976. Suit had already been instituted by the filing of a complaint with the Clerk of the Superior Court on December 24, 1975.

Since the filing of plaintiff's motion for leave to file a late claim, defendant Jersey City has brought a motion to dismiss the complaint for failure to comply with chapter 8 of the Tort Claims Act.

### Filing of the Late Notice of Claim

In order to provide for the compensation of injuries negligently caused by public entities, the Legislature enacted the New Jersey Tort Claims Act. *N. J. S. A.* 59:1–1. In so doing, it declared it to be our public policy "that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the fair and uniform principles established herein." *N. J. S. A.* 59:1-2.

The basic approach taken by the Legislature was to reestablish sovereign immunity[1] and at the same time grant waiver of that immunity under circumstances and in accordance with conditions set forth in the Act.[2] In establishing these conditions the Legislature incorporated a policy of prompt notification by providing that notice of a claim must be given a public entity by a claimant within 90 days of the accrual of the cause of action. *N. J. S. A.* 59:8-8. However, a relief mechanism was built into the act in recognition of the injustice that might arise from an unyielding application of this notice provision. This relief was provided in the form of a discretionary right on the part of the Superior Court to permit the filing of a late notice of claim at any time within one year after the accrual of the cause of

---

[1] Comment to *N. J. S. A.* 59:2–1, *Report of the Attorney General's Task Force on Sovereign Immunity* 209 (1972).

[2] See generally chapters 2, 8 and 9 of the act. *N. J. S. A.* 59:2–1 *et seq.; N. J. S. A.* 59:8–1 *et seq.; N. J. S. A.* 59:9–1 *et seq.*

action upon affidavits showing sufficient reasons for failure to file notice of claim within the 90-day period, provided that the public entity has not been substantially prejudiced thereby. *N. J. S. A.* 59:8-9.

In the instant case the cause of action accrued on December 25, 1973 when the accident occurred. *Lutz v. Semcer,* 126 *N. J. Super.* 288, 297-298 (Law Div. 1974). No claim was filed within 90 days, as required by *N. J. S. A.* 59:8-8, nor was leave to file a late notice obtained from the Superior Court within one year as permitted by *N. J. S. A.* 59:8-9. More than a year having elapsed since the accident, plaintiff can no longer file her claim as provided in *N. J. S. A.* 59:8-9 and therefore she is barred by the express terms of *N. J. S. A.* 59:8-8.[3]

Although conceding that the time requirements of the statute have expired, plaintiff contends the court still has a discretionary power to afford relief even after the expiration of the one year where the interests of justice require. In other words, the plaintiff urges an inherent right in the court to apply equitable principles to save her case.

### *The Power of the Court to Afford Relief After One Year Has Expired*

Initially it should be noted that to extend the discretionary right of the court to permit the filing of a late claim beyond the legislatively mandated one year would not only ignore the plain meaning of the statute but would give no respect to the legislative intention to provide public entities with the safeguards set forth in chapter 8. The right of a public entity to have the requirements of chapter 8 enforced is a substantial right and not a mere matter of form. In the

---

[3]"The claimant shall be forever barred from recovering against a public entity if: (a) He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9 * * *." *N. J. S. A.* 59:8-8.

instant case, however excusable the reason for plaintiff's delay,[4] the passage of time without notice of the obscure event which gave rise to this claim, unknown and unnoticed by all but plaintiff, would make any investigation inadequate. Except for the facts elicited on cross-examination, the public entity would be left virtually defenseless. This is a result the Legislature sought to prevent.

Moreover, there is an even more basic impediment to the discretion the plaintiff urges upon the court. This court lacks jurisdiction to grant relief under *N. J. S. A.* 59:8–9 after one year.

██ ██ As previously noted, the Tort Claims Act reestablishes sovereign immunity and then grants conditioned waivers. See footnotes 1 and 2, *supra*. It is a firmly established rule in American jurisprudence that acts in derogation of sovereign immunity are to be strictly construed and that provisions which are conditions which the sovereign attaches to the waiver of immunity are jurisdictional. *Rao v. Port of New York Auth.*, 122 *F. Supp.* 595 (E. D. N. Y. 1954), aff'd, 222 *F.2d* 362 (2 Cir. 1955).

> The United States cannot be sued in their courts without their consent, and in granting such consent Congress has an absolute discretion to specify the cases and contingencies in which the liability of the Government is submitted to the courts for judicial determination. Beyond the letter of such consent, the courts may not go, no matter how beneficial they may deem or in fact might be their possession of a larger jurisdiction over the liabilities of the Government. [*Schillinger v. United States*, 155 *U. S.* 163, 166, 15 *S. Ct.* 85, 86, 39 *L. Ed.* 108 (1894)]

In *Rao, supra,* a motion was made by the Port Authority to dismiss a negligence action on the ground that the complaint was filed on December 18, 1953 with respect to an accident which occurred on December 10, 1952. The joint legislation of the States of New York and New Jersey au-

---

[4]In fact, in the instant case there would appear no justifiable basis for the delay.

thorizing suits against the Port Authority provided, among other things, that an action must be commenced within one year from the accrual of the cause of action and that a notice of claim be filed at least 60 days before the commencement of suit. *N. Y. Unconsol. Laws* §7107, 7108 (*McKinney* 1951); *N. J. S. A.* 32:1-163, 164. Plaintiff conceded that the suit had not been brought within a year but contended that by virtue of the provision in the New York Civil Practice Act which tolls statutes of limitations for any period where the commencement of an action is stayed by a statutory prohibition, the one year statute of limitations provided for in the Port Authority Act was extended by the 60 days which the same act required to elapse between the filing of the notice of claim and commencement of the action. In granting the Port Authority's motion to dismiss, the court said:

The Port of New York Authority was created by compact between the States of New York and New Jersey and is a body corporate and politic. The statutes setting forth the conditions under which the said "Authority" consented that it may be sued are clear and unambiguous; they provide that the action must be commenced within one year from the time that the cause of action accrued. Statutes wherein sovereign immunity against suit is waived must be strictly construed. Schillinger v. U. S., 155 U. S. 163, 15 S. Ct. 85, 39 L. Ed. 108; Ferd, Mulhens, Inc. v. Higgins, D. C., 55 F. Supp. 42. In the latter case the court said, 55 F. Supp. at page 44:— "On the other hand, if this is in reality a suit against the United States, the statute must be strictly complied with. Suits against the sovereign can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. United States v. Michel, 282 U. S. 656-659, 51 S. Ct. 284, 75 L. Ed. 598; Munro v. United States, 303 U. S. 36-41, 58 S. Ct. 42 [421], 82 L. Ed. 633. And the Rules of Civil Procedure cannot authorize the maintenance of suit against the United States to which it has not otherwise consented; they cannot authorize this court to enlarge its jurisdiction. United States v. Sherwood, 312 U. S. 584-590, 61 S. Ct. 767, 85 L. Ed. 1058; Graf v. United States, 24 F. Supp. 54, 87 Ct. Cl. 495." [*Rao, supra* at 597.[5]]

---

[5]The mandatory nature of this one-year limitation was also recognized by the New York Court of Appeals. *Trippe v. Port of*

Our statutory scheme for the assertion of claims against public entities is modeled on that of California. *Keller v. Somerset Cty.*, 137 *N. J. Super.* 1, 5–6 (App. Div. 1975) ; *Report of Attorney General's Task Force on Sovereign Immunity* 10 (1972). In California it has been held that the conditions imposed by their Tort Claims Act "as a prerequisite to an action against the state are mandatory and must be strictly complied with * * * and recovery will be denied where legal action is not brought against the state within the period prescribed by the statute." *Stanley v. City and County of San Francisco*, 48 *Cal. App.* 3d 575, 121 *Cal. Rptr.* 842 (D. Ct. of App. 1975). In analyzing the juridical nature of the rights provided claimants by the Tort Claims Act the court said :

> * * * it is clear that the scheme for suing the government in California is based upon waiver of immunity from legal action. This scheme was not designed to create an independent source of substantive liability (cf. *Sava v. Fuller* (1967) 249 *Cal. App.* 2d 281, 57 *Cal. Rptr.* 312). [48 *Cal. App.* 3d at 580, 121 *Cal. Rptr.* at 845.]

The significance of this distinction has been clearly explained in *Larson v. Port of New York Auth.*, 17 *F. R. D.* 298 (S. D. N. Y. 1955). In dismissing a complaint against the Authority for failure to commence the suit within one year from the date of the accrual of the action, the court said :

> The requirement that an action of the type in suit be brought within one year from accrual thereof is
> "* * * a part of the statute which creates the liability and gives the right of action. It is a condition on the right, not on the remedy, and it is not subject to the disabilities or excuses by which ordinary statutes of limitation may be avoided by a plaintiff. Peters v. Hanger, 4 Cir., 134 F. 586. Where the time for commencing action is prescribed in the statute which creates the liability and gives the right of action, the time is not extended by reason of fraud or concealment which might work an extension of ordinary statutes of limitation. Bell v. Wabash R. Co., 8 Cir., 58 F. 2d 569; Bartlett v. Manor, 146 Ind. 621, 45 N. E.

*New York Auth.*, 14 *N. Y.* 2d 119, 249 *N. Y. S.* 2d 409, 198 *N. E.* 2d 585 (1964).

1060; Bement v. Grand Rapids & I. R. Co., 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322; Desmarais v. People's Gas Light Co., 79 N. H. 195, 107 A. 491; Kerley v. Hoehman, 74 Okl. 299, 183 P. 980, 8 A. L. R. 141. The distinction between ordinary statutes of limitation and statutes extinguishing the right of action, whether a logical distinction or not, is thoroughly settled. See The Harrisburg, 119 U. S. 199, 214, 7 S. Ct. 140, 30 L. Ed. 358. * * *." [at 300]

It is this distinction which underlies the jurisdictional nature of the court's power under *N. J. S. A.* 59:8-9. After the passage of one year from the accrual of the claim this court is powerless to give relief.

Plaintiff's motion for leave to file a late claim is denied and defendant Jersey City's motion to dismiss the complaint is granted.