'[No. B228357. Second Dist., Div. Six. May 31, 2011.]

THOMAS O. SPICER, Plaintiff and Appellant, v.
CITY OF CAMARILLO, Defendant and Respondent.

### Counsel

Clifton E. Reed for Plaintiff and Appellant.

Law Offices of Alan E. Wisotsky, Alan E. Wisotsky and Jeffrey Held for Defendant and Respondent.

### Opinion

**GILBERT, P. J.**—A local ordinance limits parking times on city streets. On those streets where posted signs limit the parking times, the Vehicle Code permits disabled persons displaying a placard to park an unlimited time. On streets where no such signs are posted, may disabled persons park an unlimited time? We conclude they may not because no statute permits such unlimited parking.

Thomas O. Spicer appeals a judgment entered following a court trial. We affirm.

### FACTS AND PROCEDURAL HISTORY

The City of Camarillo (City) has a long-standing ordinance, Camarillo Municipal Code section 11.12.010, prohibiting vehicles from street parking for more than 72 consecutive hours.[1] Municipal Code section 11.12.020 and Vehicle Code section 22651, subdivision (k) authorize law enforcement to remove a vehicle parked for more than 72 consecutive hours.[2]

Spicer is disabled and has a disabled placard, issued by the Department of Motor Vehicles, displayed on his vehicles. On October 13, 2007, he parked his van and pickup truck on Aviador Street in Camarillo. That day, a Ventura deputy sheriff placed a courtesy notice on the windshields of Spicer's vehicles stating that Municipal Code section 11.12.010 prohibited parking of

---

[1] Municipal Code references are to the Camarillo Municipal Code.

[2] All further statutory references are to the Vehicle Code unless stated otherwise.

the vehicles for more than 72 consecutive hours.[3] Spicer did not move his vehicles and, three days later, the vehicles were towed and stored.

Aviador Street does not have street signs posting parking hours. Spicer wrote the city attorney and asserted that section 22511.5, subdivision (a)(1)(B) permits unrestricted parking for disabled persons displaying a disabled placard. Spicer demanded recompense for the towing and storage fees for his vehicles. When the City responded that section 22511.5 was inapplicable, Spicer brought this civil action for declaratory and injunctive relief and violation of his civil rights pursuant to Civil Code section 52.1.

On July 21, 2010, the parties agreed to a court trial. They also stipulated to the facts and neither party presented evidence. Following oral argument, the trial court took the matter under submission. On July 30, 2010, the court issued its decision in favor of the City.

The trial court decided that section 22511.5 is clear that a disabled person displaying the appropriate placard in his vehicle may enjoy unrestricted street parking only where a posted sign limits parking. The parties agreed that Aviador Street had no posted parking signs. The court rejected Spicer's contention that the notice left on his windshields was either a sign or its functional equivalent. Finally, the court determined that a 2007 decision by a Ventura County court commissioner stating that the City's interpretation of section 22511.5 is "irrational" and a violation of equal protection of the law, is not res judicata in this action.

Spicer appeals and contends that (1) section 22511.5 permits his unrestricted parking because his vehicles bear a disability placard; (2) the notice placed on his windshields by the deputy sheriff constitute "a sign erected pursuant to a local ordinance" within the meaning of section 22511.5, subdivision (a)(1)(B); (3) the prior decision of the court commissioner is res judicata in this proceeding; and (4) the trial court's interpretation of section 22511.5 denies him equal protection of the law.

---

[3] Municipal Code section 11.12.010, "Parking in excess of seventy-two consecutive hours," provides:

"A. No person who owns or has possession, custody or control of any vehicle shall park such vehicle upon any highway, street or alley for more than a period of seventy-two consecutive hours.

"B. This section shall be considered violated if:

"1. At the end of the seventy-two hour period the vehicle is parked or left standing in the same place as it was in the beginning of such period and physical markings or other facts which indicate that the vehicle has not been moved; or

"2. If at the end of the seventy-two hour period the vehicle has not been moved more than two-tenths of a mile. The determination of whether the vehicle has been moved more than two-tenths of a mile shall be based on physical markings, odometer readings or other facts."

## DISCUSSION

### I.

Spicer argues that section 22511.5, subdivision (a)(1)(B) permits his unrestricted parking on Aviador Street because the street has no posted signs limiting parking.

■ Section 22511.5, subdivision (a)(1)(B) permits a motorist displaying a disabled person's license plate or placard to park for an unlimited amount of time if there is a sign indicating that parking is restricted for the length of time indicated on the sign. The section provides: "A disabled person . . . displaying special license plates . . . or a distinguishing placard . . . is allowed to park for unlimited periods in any of the following zones: [¶] . . . [¶] (B) In any parking zone that is restricted as to the length of time parking is permitted as indicated by a sign erected pursuant to a local ordinance." (*Ibid.*)

■ The interpretation of a statute is a question of law, subject to independent review on appeal. (*Alcala v. City of Corcoran* (2007) 147 Cal.App.4th 666, 670 [53 Cal.Rptr.3d 908].) In construing a statute, our first task is to ascertain the legislative intent to effectuate the statute's purpose. (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321 [74 Cal.Rptr.3d 891, 180 P.3d 935].) The plain meaning of the statute governs because it is generally the most reliable indicator of legislative intent. (*Ibid.*)

■ In addition, a statute may express the law by "negative implication." (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1105 [29 Cal.Rptr.3d 249, 112 P.3d 636].) A negative implication is the unstated but implicitly evident expression of the statute. (*Ibid.*) Thus the expression of some things in a statute necessarily means the exclusion of other things that are not expressed. (*Ibid.*)

■ We agree with the interpretation of section 22511.5 given by the trial court. By implication, the Legislature did not intend to confer greater parking privileges on disabled persons if there is no posted sign limiting the amount of time that a motorist can park his vehicle. Here the parties stipulated at trial that Aviador Street did not have a posted sign limiting street parking. Municipal Code section 11.12.010 prohibits vehicle street parking on any street for more than 72 consecutive hours. Section 22651, subdivision (k) permits a police officer to remove a parked vehicle "left standing upon a highway for 72 or more consecutive hours in violation of a local ordinance authorizing removal." The Legislature is not required to exclude opposing or differing possibilities from those addressed in section 22511.5, subdivision (a)(1)(B), i.e., unrestricted parking for disabled persons where a posted sign limits the amount of parking time.

## II.

Spicer claims that the courtesy notices placed on the windshields of his vehicles constitute a "sign erected pursuant to a local ordinance" within the meaning of section 22511.5, subdivision (a)(1)(B). We disagree. The notice is neither a "sign erected" nor a publicly displayed notice. Spicer has not met his burden of establishing that an erected sign on Aviador Street posted the 72-hour time limitation.

## III.

Spicer contends that a 2007 ruling by a Ventura County court commissioner agreeing with his interpretation of section 22511.5, subdivision (a)(1)(B) is res judicata in this proceeding.

■ We reject Spicer's contention. The 2007 ruling has no preclusive effect in this proceeding and it does not affect our decision. Interpretation of section 22511.5 is a question of law concerning an issue of public importance. An appellate court has not construed subdivision (a)(1)(B) of the statute to meet Spicer's contention. " '[W]hen the issue is a question of law rather than of fact, the prior determination is not conclusive either if injustice would result or if the public interest requires that relitigation not be foreclosed.' " (*City of Sacramento v. State of California* (1990) 50 Cal.3d 51, 64 [266 Cal.Rptr. 139, 785 P.2d 522].) Under the circumstances, the public interest exception to collateral estoppels applies.

## IV.

Spicer argues that the interpretation of section 22511.5 given by the trial court discriminates against disabled persons and denies him the equal protection of the law. He asserts that there is no compelling state interest warranting infringement upon his fundamental right as a disabled person to park his motor vehicles on any street without restriction.

■ Spicer has not demonstrated that the Legislature or the City has denied him equal protection of the law. The Legislature has given disabled persons greater parking privileges in areas where time-limiting signs are posted. (§ 22511.5, subd. (a)(1)(B).) Disabled persons are not treated differently than nondisabled persons regarding parking privileges in areas where no time-limiting signs are posted. Each group is subject to the 72-consecutive-hours limitation. Moreover, Municipal Code section 11.12.010 allows a motorist to move his vehicle two-tenths of a mile after 72 hours and avoid violation of the ordinance. The failure to give disabled persons greater parking rights on highways or roads with no time-limiting signs does not

deprive them of equal protection of the law. (*Stanley v. City and County of San Francisco* (1975) 48 Cal.App.3d 575, 583 [121 Cal.Rptr. 842] [law placed claimant on equal basis with all others and, on its face, does not deny equal protection of the law].)

There is no violation of Spicer's statutory or constitutional rights. Absent a violation, there is no basis for a claim pursuant to the Civil Rights Act of Civil Code section 52.1. (*Thompson v. County of Los Angeles* (2006) 142 Cal.App.4th 154, 173 [47 Cal.Rptr.3d 702].)

Our resolution of this appeal does not consider evidence outside the appellate record. We also do not review pretrial proceedings from which no appeal was taken.

The judgment is affirmed. Each party is to bear his or its own costs on appeal.

Coffee, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 31, 2011, S194702.